Mechanics' Savings Inst'n of St. Louis, Mo. *et al.*

*v.*

James Givens *et al.*

1. Attachment—*judgments entitled to share in distribution of proceeds of property attached.* The statute that all judgments in attachment against the same defendant, returnable at the same term, etc., shall share *pro rata* in the proceeds of the property attached, either in the hands of the garnishee or otherwise, applies to a suit by attachment commenced within ten days of the same term to which the other writs are returnable.

2. Process—*to what term returnable.* Where ten days do not intervene the commencement of a suit, whether by attachment or summons, and the first day of the next term of the court, the plaintiff has his election to have the process made returnable to the next term or to any succeeding term to be holden within three months, but if it is made returnable to the first term, the cause will be continued.

3. Statutes—*construction.* Where it is practicable, a whole act or section will be read together and so construed as to make it harmonious and consistent in all its parts.

Writ of Error to the Circuit Court of Jefferson county; the Hon. Tazewell B. Tanner, Judge, presiding.

Judgments in attachment were rendered in favor of the several defendants, at the February term, 1875, of the Jefferson county circuit court, against James Givens.   All the writs of attachment were levied upon the same property, and were all returnable at the February term, 1875, except those in favor of the Merchants' National Bank.   The writ in suit of the National Bank had been made returnable at a former term, but the judgments in all the cases were pronounced at the same term. On the 6th day of February, 1875, the Mechanics' Savings Institution sued out a writ of attachment against the same defendant, returnable to the next term of the circuit court of Jefferson county, which was to be holden on the 8th day of the same month, which writ was levied upon the same property as were the several writs in favor of the other attaching creditors.   Service not having been had in time in the latter cause, it was continued to the August special term, when final judgment was pronounced.

The several writs having been levied upon the same land, the Mechanics' Savings Institution claims the right, under the statute, to share *pro rata* in the proceeds of the sale of the lands attached, for the reason the writ of attachment in its favor was returnable to the same term of court at which judgments were rendered in all the other cases, but the motion entered for that purpose was overruled.   That decision is assigned for error.

Mr. C. H. PATTON, and Messrs. POLLOCK & KELLER, for the plaintiffs in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Under the 37th section of the Attachment Act, all judgments in attachment against the same defendant, returnable at the same term, and all judgments in suits by summons, *capias* or attachment against such defendant, recovered at that term, or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata*, according to the amounts of the several judgments, in the

proceeds of the property attached, either in the hands of the gar-
nishee or otherwise. No controversy would have arisen in
this case, had the writ of attachment been sued out more than
ten days before the term of court at which the several judg-
ments in favor of the other attachment creditors were rendered,
notwithstanding no judgment was rendered in favor of plain-
tiff in error until the next succeeding term, to which the cause
was continued for want of service in time. But the writ of
attachment was issued only two days before the term of court
to which it was made returnable, and that, it is insisted, is
inhibited by the first section of the Practice Act.

It is a matter of doubt, whether that section of the statute
has any reference to or was intended to regulate the prac-
tice in attachment cases. The sixth section of the present
Attachment Act, which gives the form of the writ, is a literal
transcript of the act of 1845 on the same subject. The form
of the writ seems to indicate it was, in all cases, to be made
returnable to the next succeeding term, without reference to
the number of days that intervened the issuing of the writ
and the convening of court, and such was the uniform practice
under the former statute. Where less than ten days intervened,
the cause had to be continued, as a matter of course. It
would seem, the same construction ought to be adhered to,
especially where the legislature has manifested no intention
to change the practice that had prevailed for so many years
under that statute.

But, conceding the first section of the Practice Act was
intended to regulate the practice in attachment, as well as other
civil cases, still, we think, under a fair construction, the writ
was properly made returnable to the next term of court. That
section, it will be observed, makes all process in civil actions
returnable to the next term of court in which the action is
commenced, and where less than ten days intervene the
issuing of the summons and the next term of court, it shall
be made returnable to the succeeding term, but the plain-
tiff may elect to have the summons made returnable at any
term of court which may be held within three months after

the date of the writ.    Construction can hardly make this latter clause plainer than it is.    There is no ambiguity in it. A right of election is given plaintiff, where he can not have a trial at the next term of court, for want of service in time, to have the summons or other process returnable at any term to be holden within the next three months, no matter if the next term may commence on the next day.    Obviously, if the summons is made returnable to a term that commences within ten days, the result will be, as a matter of course, the cause will have to be continued to a succeeding term, because no service can be had that will bring the party lawfully into court. Whether there is any ambiguity in the other clause of this section, clearly there is none in this latter provision.    Construing the preceding clause to mean that, where less than ten days intervene, the summons shall be made returnable to *a succeeding* term, then force and effect is given to the whole, and each provision of the section.    The only uncertainty is found in the second clause, and that is removed by the construction adopted.

Some incongruous phrases and expressions, and, others of doubtful meaning, may be discovered in many acts of the legislature.    This imperfection may arise from the hurried manner in which much of our legislation is enacted.    Where it is at all practicable, the whole act or section should be read together, and so construed as to make it harmonious and consistent in all its parts.    Construing the whole of the first section of the Practice Act together in the manner indicated, we find it entirely harmonious, and containing no conflicting provisions.    It is the duty of the court to so construe all statutes as to make them consistent, and give full effect to what is the plainly expressed legislative will.

Under this view of the meaning of the statute, the attachment writ was properly made returnable to the next term of the court in which the action was commenced, notwithstanding less than ten days intervened.    It was a term of court to be holden within three months after the date of the writ, and plaintiff had the right to elect to which term he would.

make it returnable. Exercising the privilege of election, the statute saved to plaintiff the right to share *pro rata* in the proceeds of the property attached, with the other creditors who obtained judgments at that term of court.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in the judgment rendered in this case.