## JOHN S. LAWVER

*v.*

## EMIL H. LANGHANS.

1. ATTACHMENT—*of the affidavit.* If an affidavit for an attachment contains a good statement of any one of the grounds for the writ, this will be sufficient, although another ground is stated which may not be well stated.

2. SAME—*requisites of notice.* It is not necessary to state in an attachment notice, to what counties the writs of attachment were directed, or to give a description of the property attached.

3. SAME—*publication of notice.* Where the record contains an attachment notice which is correct as to the names of the parties, and certificate of the printer showing its publication, and also shows that the court found, from the evidence, due publication of notice, this can not be overcome by an affidavit showing a mistake as to the name of one of the parties, in the first publication.

4. SAME—*publication may expire during term.* The present statute does not require that the three weeks publication in an attachment suit shall be made ten days before the term at which judgment is taken, but a part of the publication may be made before the term begins and a part afterwards, and in such case, if the court is in session ten days after the last publication, the plaintiff may take judgment by default, if there is no appearance.

5. PRACTICE—*time to object to attachment bond.* Objections to a deficient attachment bond can not be made, for the first time, in this court, but must be urged in the court below, so as to afford an opportunity for amendment.

6. SAME—*time of filing declaration in attachment suit.* It is not required, under the present statute, that the declaration in an attachment suit shall be filed at the commencement of the term to which the writ is made returnable, but it may be filed on the first day of the term, or upon any succeeding day, as the plaintiff may elect.

7. DECLARATION—*sufficiency on default.* A declaration, after judgment by default, will be sufficient, if good in substance, without regard to formal defects, as the default admits all that is properly alleged.

8. BILL OF EXCEPTIONS—*when necessary.* Where the evidence in a cause is not preserved in the record by bill of exceptions, it will be presumed it was sufficient to sustain the finding and judgment of the court.

9. EVIDENCE—*to contradict record.* Where the record shows that it was written up on the day of the rendition of a judgment, this will import verity and can not be contradicted by parol evidence.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for the plaintiff in error.

Messrs. FULLER & GRAHAM, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This writ of error was sued out to reverse a judgment rendered in the circuit court of DeWitt county on the 24th day of December, 1875, in an action by attachment, commenced by Emil H. Langhans, against John S. Lawver, on the 17th day of November. Various errors in regard to the form and character of the proceedings, from the commencement of the action until the final rendition of the judgment, have been assigned, which are claimed to be sufficient to reverse the judgment.

It is first urged, that the affidavit upon which the attachment issued was not sufficient, as it does not show " what the fraudulent representations were; that they were reduced to writing and signed by Lawver." The statute requires that the affidavit shall set forth the nature and amount of the indebtedness, after allowing all just credits and set-offs, and shall also contain one or more of the nine causes for which an attachment may issue, one of which is non-residence of the defendant. The affidavit in question states that the defendant is indebted to the plaintiff in the sum of $3504.15, after allowing all just credits and set-offs; then follows a detailed statement of the manner in which the indebtedness arose, and it concludes with an allegation that the defendant is a non-resident of the State of Illinois. This we regard as sufficient to authorize the attachment to issue. If the defendant was a non-

resident and was indebted to the plaintiff in any amount ex-
ceeding $20, it was enough for the plaintiff to file an affidavit
containing these facts, as provided in section two of the Attach-
ment Act, to entitle him to the writ.    The question, whether
the affidavit would have been sufficient had defendant been a
resident of the State, and the plaintiff obtained the writ solely
upon the ground that the debt was fraudulently contracted by
the defendant, does not arise, and hence it is not necessary to
determine whether the affidavit conforms to the ninth clause of
section one of the Attachment Act, or not.    It is sufficient,
so far as this action is concerned, that the writ of attachment
properly issued on the ground that the defendant was a non-
resident of the State.

Objection is also made to the bond and notice.    On the
filing of the affidavit two writs were issued, one to the county
of DeWitt, the other to Union county.    The words in the
bond are, that an attachment writ had been prayed.    It is
insisted this is not as broad as it should be.    The objection
made to the notice is, that it did not state that two writs had
issued, nor to what county the second one was directed.    Both
of these questions are settled by the decision in *Morris* v. *Trus-
tees of Schools.* 15 Ill. 266, where it is held that objections to
a defective attachment bond can not be raised, for the first
time, in this court.    They should be made in the court below,
so that an amendment, if desired, can be made.    As to the
notice, it was held that it was unnecessary to state to what
counties the writs of attachment issued, or give any descrip-
tion of the property attached.

As this case is conclusive of the questions raised, it is not
deemed necessary to consume time in their discussion.    It
is also claimed, that in the first publication of the notice the
plaintiff's name appeared as Langhaus, instead of Langhans,
which was not corrected until the second week of the publica-
tion.    We do not, however, regard the affidavit of the defend-
ant filed on his motion in the cause, sufficient to overcome the
evidence in the record that the notice was correct.    The record
contains the notice, which is correct as to name, and certificate

of the printer showing publication; and, in addition to this, the record shows the court found, from the evidence, due publication of notice. The affidavit of the defendant, showing a mistake in a notice, is not enough to overcome the proof in the record. For aught that appears, a defective notice may have been published as stated in the affidavit, and at the same time and in the same paper, a notice in all respects correct.

It is next urged that plaintiff was not entitled to a default and judgment on the 24th day of December, because no declaration was filed when the court convened on the 6th day of December, and the notice of the pendency of the action had not been published for three weeks, at the beginning of the term of court.

Section 25, of the Attachment Act, provides that the declaration shall be filed on the return of the attachment, or at the term of court when the same is returnable. Here, the declaration was filed on the 24th day of December, during the term. This was a compliance with the terms of the act. Under the section the plaintiff had the right to file his declaration on the first day of the term, or upon any succeeding day, as he might elect. Section 22 of the act provides, that where the defendant is a non-resident of the State, the clerk of the court shall give notice by publication, at least once in each week for three weeks successively, in a newspaper most convenient to the place where the court is held. Section 23 provides, no default or proceeding shall be taken against any defendant not served with summons, unless he shall appear, until the expiration of ten days after the last publication. The statute does not require that the three publications shall be made before the court convenes, or that the first publication shall be made a certain number of days before the term commenced, as did the old statute. We perceive nothing to prevent a part of the publications being made before the term begins and a part afterwards; and at any time, upon the expiration of ten days after the last publication, if the court is in session, the plaintiff would be entitled to a default.

The Practice Act, in regard to service of process and filing

of declarations in actions at law, was not intended to embrace an action of attachment. The proceedings and practice in actions of attachment, are governed by chapter 11, section 26, of the Attachment Act. The section is clear upon this point. It declares, the practice and pleadings in attachment suits, except as otherwise provided in this act, shall conform, as near as may be, to the practice and pleadings in other suits at law.

Several objections have been urged against the sufficiency of the declaration. It is not, however, necessary to stop to inquire whether the declaration was so drawn that a special demurrer to it could not have been sustained, had one been interposed.

The judgment was rendered by default, and the default admitted all that was properly alleged in the declaration; and, after a careful consideration of the declaration, we are satisfied it contains enough to sustain the judgment.

It is said the proof was not sufficient to justify the judgment rendered. Whether that be so or not, we have no means of knowing, as the bill of exceptions does not contain the evidence. The record shows the court heard evidence, and where it has not been preserved by bill of exceptions, we must presume it was sufficient.

It is also objected, that the special executions were issued before the judgment had been formally written up by the clerk. The record, which imports verity, shows the judgment was written up on the day it was rendered, December 24, 1875. It is true, the bill of exceptions contains the statement, that the clerk stated the record of the judgment was not written up until a few days before the next succeeding term; but a record can not be impeached by such evidence. Even if it was error to issue executions on a judgment before it was formally entered up by the clerk, which it is not necessary here to decide, the record could not be impeached or defeated by such testimony as was here resorted to for that purpose.

After a careful consideration of the whole record, we see no error in it, and the judgment will be affirmed.

*Judgment affirmed.*