Field v. Shoop.

---

# MARSHALL FIELD ET AL.
## v.
# SAMUEL H. SHOOP.

ATTACHMENT.—Practice in attachment cases cannot conform to the practice under the general practice act, in cases where the requirements of the attachment act are different from those in the other, either in terms or spirit. So, where suit in attachment was begun and property of the defendant attached in one county, and another writ issued and served as a summons only upon the defendant residing in another county, the proceedings by attachment are valid, and the fact that personal service was afterwards had upon the defendant in another county will not oust the court of its jurisdiction under the attachment writ.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding. Opinion filed June 17, 1880.

Mr. W. W. WAGDIN and Mr. E. L. BEDFORD, for appellants; that attachment is a proceeding *in rem* and only becomes *in personam* when the defendant is served with process, cited Conn v. Caldwell, 1 Gilm. 531; Branigan v. Rose, 3 Gilm. 123.

Suits in attachment may be commenced in any county where service can be had by levying upon property, or by personal

Field v. Shoop.

service; Heinman v. Rushmore, 27 Ill. 509; Fuller v. Langford, 31 Ill. 248; West v. Schnebly, 54 Ill. 523; Morris v. Trustees, 15 Ill. 266.

Jurisdiction of Superior courts can be taken away only by express negative words of a statute; Murfree v. Leeper, 1 Over. 1; Burgenhofen v. Martin, 3 Yeates, 479; Overseers, etc. v. Smith, 2 Serg. & R. 363; Commonwealth v. White, 8 Pick. 453; Commonwealth v. Mc Closkey, 2 Rawle, 369.

A plea in abatement to the jurisdiction must aver sufficient upon its face to show want of jurisdiction: Diblee v. Davidson, 25 Ill. 486; Branigan v. Rose, 3 Gilm. 123.

As to the meaning of "jurisdiction": United States v. Arredendo, 6 Pet. 709; Cooley's Con. Lim. 398; 3 Bouv. Inst. 71.

Long and uninterrupted practice under a statute is good evidence of its construction: McKeer v. Delancy, 5 Cranch, 22; Morrison v. Burksdale, Harper, 101; Kennon v. Hills, 1 La. An. 159; 1 Kent's Com. 465.

The Practice Act was not intended to embrace proceedings under the Attachment Act: Lawver v. Langhans, 85 Ill. 138.

Messrs. LUKE & JONES and Mr. M. D. SWIFT, for appellee; in support of the plea, cited Safford v. Sangamon Ins. Co. 88 Ill. 296; Humphrey v. Phillips, 57 Ill. 132; Rev. Stat. 1874, 156, § 26.

Proceedings by attachment are in derogation of the common law: Hawkins v. Albright, 70 Ill. 87; Haywood v. Collins, 60 Ill. 328.

Defendant was not bound to submit to the jurisdiction of a court other than in his own county: Boggs v. Bindskoff, 23 Ill. 66.

The Practice Act applies to proceedings by attachment: Collins v. Tuttle, 24 Ill. 623.

LACEY, J. Apellants sued out of the Circuit Court of Jo Daviess county a writ of attachment May 3d, 1879, directed to the sheriff of the same county to execute, and on the 9th day of the same month another writ from the same county, directed to the sheriff of Ogle county.

The first writ was served by the sheriff of the first named county by levying on a stock of dry goods of appellee, the latter not being found.   The second writ was served by the sheriff of Ogle county by reading the same to appellee, the attachment not being served otherwise.   At the May term, A. D. 1879, of the circuit court, the appellee pleaded in abatement to the suit setting up in his plea that " before and at the time of the commencement of the suit he had been, and from thence hitherto and still was residing in the county of Ogle, and not in the county of Jo Daviess, and that the appellee was not found or served with process in said action in said county of Jo Daviess, but was found and served with process in the county of Ogle, and that it was not a local action, and that there was not more than one defendant.

To this plea there was a demurrer interposed by appellants, which was overruled by the court, and judgment rendered against them for costs.   The cause is brought by appeal to this court.

It is claimed by appellee that as he resided in Ogle, and not in Jo Daviess county, that no attachment suit would lie in the latter county, although he had property in that county, and not in the first named county; that Section 2, Chapter 110, Statutes 1874, being the Practice Act, applies to attachment proceedings as well as to personal suits; that Sec. 1, Chap. 11, Statutes 1874, which provides for the commencement of attachment suits, under nine certain enumerated conditions, must be governed by the requirements of Sec. 2 of the Practice Act.   We do not think this position tenable.

The Practice Act provides that " it shall·not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs issued directed to any county or counties where the other defendant or either of them may be found, etc."

The Attachment Act provides that attachment may issue against the property of the debtor in any one of nine enumer-

ated cases, among them being where the debtor is a non-resident, or conceals himself, or stands in defiance of an officer, so that process cannot be served on him, and where the debtor has departed or is about to depart from the State with the intention of having his effects removed from the State, etc.

It will be seen that the attachment proceeding is not a suit properly speaking against the defendant, but is a suit against the property of the defendant.

The fact that service may be had on the defendant and the effect be the same as though the suit were commenced by summons, as provided in Sec. 34 of the Attachment Act, we think can make no difference, that being an incident to the attachment proceeding. The attachment is a proceeding *in rem.*

The conditions of the two sections are essentially different, and five of the enumerated grounds of attachment may be entirely nugatory, and in fact, all may be, if the provisions of the Practice Act must be followed in regard to commencing suits in the county where the defendant may reside or be found; for the defendant may not reside or be found in any county in the State, and yet, according to the provisions of the Attachment Act, the plaintiff may have cause for attachment for nine different reasons. The very fact that the defendant resides out of the State is the first ground for attachment enumerated. This section one provides that "a creditor may have an attachment against the property of his debtor in any court having competent jurisdiction." This must mean jurisdiction of the subject-matter of the suit, and not of the person, for the reason that it is not contemplated that the court need have jurisdiction of the person at all, and in many, and perhaps most instances, the court cannot get jurisdiction of the person by service of summons.

According to the provisions of the Statutes of 1845, Sec. 31, Chap. 9, it was provided that in case any attachment had been issued out of any circuit court in any county, the plaintiff might, at any time before final judgment, cause to have issued an attachment to any other county, and have it levied on the property of the defendant. Under this statute, the Supreme Court decided that there must be a levy of attachment on

property in the county where issued or personal service, or the court could not acquire jurisdiction by the levy in another county.  Hinman v. Rushmore, 27 Ill. 509; Fuller et al. v. Langford et al. 31 Ill. 249.  In the revision of the Statutes of 1874, Sec. 13, Chap. 11, Sec. 31, was re-enacted and amended so as to carry that rule into the statute.  Hence, it appears that the suit must be commenced in the county where there is property to levy on, or where personal service can be had.  By Sec. 10, Chap. 11, Attachment Act, Stat. 1874, it is provided that in addition to attaching the defendant's property, the sheriff must personally serve the writ if defendant can be found, etc.  In this case the writ was issued and property attached in Jo Daviess county, and the sheriff returned that the defendant on due inquiry could not be found.  This gave the court jurisdiction.  Then a writ was issued and directed to the sheriff of Ogle county, which was personally served on appellee, but the attachment writ was not levied on any property.

Could the jurisdiction of the court be taken away by the issuance and service of the second writ?  We think not.  As to whether the second writ and service gave the court such jurisdiction as to authorize it to render a personal judgment against appellee, is not a question for us to decide in this case.  In no event could the jurisdiction in the attachment proceedings against the appellee's goods in Jo Daviess county have been taken away for the causes set out in the plea.  In this case the truth of the affidavit for the attachment process was not traversed or put in issue.  Practice in attachment cases cannot conform to the practice under the general Practice Act, in cases where the requirements of the attachment act are different from those in the other act either in terms or spirit.  Lawver v. Langhans, 85 Ill. 138.

The plea is also insufficient in form.  It should not have been to the jurisdiction of the court but in abatement of the writ only, founded on the facts alleged in it, even were the plea good in substance.  Scott v. Walker, et al. 65 Ill. 181.  For these reasons the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.