## Wm. C. Edwards et al. v. Cornelius A. Haring.

1. PRACTICE—*Process Returnable, When—Attachment.*—Section 1, Chapter 110, R. S., entitled "Practice," providing that the first process in all actions shall be made returnable on the first day of the next term of court in which the action may be commenced, and if ten days shall not intervene between the time of the suing out of the same and the next term of court it shall be made returnable to the next succeeding term, governs the issuing of writs of attachment the same as other process.

Attachment.—Appeal from the County Court of Peoria County; the Hon. SAMUEL B. WEAD, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

H. C. FULLER and R. H. RADLEY, attorneys for appellants.

PAGE & PUTERBAUGH, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit in attachment brought by appellants against appellee, the writ being issued on the 16th day of May, 1893, returnable to the August term next following the May term of the court, after the bringing of the suit May 22d of the said month, just six days after the issuing of the writ before the last named term. The next term of the court after the May term was the August term, which convened on the 28th of that month, a few days over three months after the commencement of the suit. There is a point made in the case preliminary to the main question in regard to the waiver by the appellee of this right to move for a dismissal of the suit, which according to the view we take of the case it is not necessary to decide, therefore we pass it by. At the August term of the court, the defendant, the appellee, made a motion to dismiss the case for want of jurisdiction limited to that motion, because the writ was not made returnable to the next term of court or to a term

to be holden within three months next after the issuing of the writ. At the January term the court sustained the motion and dismissed the suit, from which ruling the plaintiff has appealed to this court. The proper decision of this case hinges upon the proper construction of the practice act, which reads as follows, to wit: "The first process in all actions shall be made returnable on the first day of the next term of court, in which the action may be commenced." "If ten days shall not intervene between the time of the suing out the summons and the next term of court, it shall be made returnable to the succeeding term."

"The plaintiff may in any case have summons made returnable at any term of court which may be held within three months after the date thereof."

The last two clauses were added to the statute in 1872. The provisions of the statute seem to be plain and unambiguous. By the second section it is provided, in case ten days do not intervene between the issuing of the writ of attachment and the first term of court, then the summons may be made returnable to the next succeeding term; this without regard to whether the last mentioned term be held within three months after date thereof; but by the third section, the plaintiff may have the summons made returnable to any term of court which may be held after the date thereof, without regard to the days intervening between the date of writ and the next term thereof. The Supreme Court in the case of Mechanics v. Givens, 82 Ill. 157, decided that a writ of attachment may be made returnable to a term of court beginning within ten days from the date of its issue, but the court did not decide nor was the question before it, that such summons might not issue to the next succeeding term of the court following the issuing of the summons, if the first term convened within less than ten days of its issue. To hold otherwise, it seems to us, would be to nullify the second clause of the statute. There are many counties in this State where the next succeeding term after the one following the date of the summons when its date was less than ten days prior to such term would be more

than three months after the date thereof, and this statute was no doubt intended to cover a case like that and allow the summons to be so issued regardless of the time when the term convened. There may be cases where two terms of court may intervene within three months after the date of the summons, and in such case, the plaintiff has an option under the third clause to make his summons returnable at either of such terms. It is insisted by the attorneys for the appellee that the attachment act is not governed by the practice act above quoted. In this we think he is in error. In Hecht et al. v. Feldman, filed November 27, 1894, at Ottawa, 153 Ill. 395, the Supreme Court of this State had occasion to consider this question and in its opinion hold this language: "On the other hand, section 16 of the attachment act expressly provides that the practice in attachment cases, except as otherwise provided in that act, shall conform as nearly as may be to the practice in other suits at law. As there is nothing in the attachment act prescribing the term at which the attachment writ shall be returnable, or the term at which the defendant may insist upon a trial, it follows necessarily that the same rule must be held to control these matters which prevail in ordinary suits at law." We think, therefore, the practice act governs the issuing of the writ of attachment the same as other cases, where a different rule is not prescribed by the attachment act; that the writ in this case was properly issued to the August term of the County Court, and that the court below erred in holding otherwise.

The judgment of the court below is therefore reversed and the cause remanded.