## James A. Kirk et al. v. The Elmer H. Dearth Agency, for the use of Michael Doran.

1. GARNISHMENT—*When Garnishee May Attack Judgment.*—A garnishee may attack the judgment against the principal defendant for lack of jurisdiction, but not for mere errors not touching the jurisdiction.

2. ATTACHMENT—*Service by Publication May Expire During Term.*—The present statute does not require that the three weeks publication

in an attachment suit shall be made ten days before the term at which judgment is taken; if the court is in session ten days after the last publication, the plaintiff may take judgment by default if there is no appearance, even where the suit was brought within less than ten days before the commencement of the term.

**Attachment and Garnishment.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 21, 1897.

REMY & MANN, attorneys for appellants.

TENNEY, McCONNELL & COFFEEN, attorneys for appellee Michael Doran.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 30, 1895, Doran commenced, in the Superior Court, attachment against the agency, the ground of attachment being non-residence. The writ was made returnable on the second day of the then next December, which was the first day of the then next term of that court. The appellants were summoned as garnishees in the suit the same day that the writ issued. Publication of notice to the agency was begun the same day. The publication and mailing of notice complied with the letter of the statute, the last publication being December 14th, and the mailing December 9th; the declaration was filed December 10th, and December 26, 1895, judgment by default was entered against the agency, it not having appeared in the suit.

The only question in the case is, whether the Superior Court had jurisdiction to enter that judgment. If it had, the appellants have no case—if it had not, the appellees have none. Both sides agree to that.

Garnishees can attack the judgment against the principal defendant for lack of jurisdiction, but not for mere errors not touching the jurisdiction. Dennison v. Blumenthal, 37 Ill. App. 385; Dennison v. Taylor, 142 Ill. 45.

The attachment act nowhere provides, when, or to what term, a writ of attachment shall be made returnable.

The form of the writ given in Sec. 6 is " at a court to be holden  *  *  *  upon the —— day of ——— next."

Sec. 25 says that " The declaration shall be filed on the return of the attachment, or at the term when the same is made returnable."

Sec. 26 is " The practice and pleadings in attachment suits, except as otherwise provided in this act, shall conform, as near as may be, to the practice and pleadings in other suits at law."

Under Sec. 1 of the practice act " The plaintiff may, in any case, have summons made returnable at any term of the court which may be held within three months after the date thereof."

Now the argument of the appellants is, that, as under the practice act a plaintiff is not entitled to judgment by default in case of non-appearance by the defendant unless he has been served with process, and. the declaration filed not less than ten days before the first day of the term at which such default is taken, therefore in an attachment case the plaintiff is not entitled to judgment by default, at a term commencing less than ten days after the suit was begun.

So much of the practice act as relates to the time of filing the declaration is not applicable, for that is regulated by Sec. 25, as quoted. Nor is the provision of the practice act as to the time of service of summons applicable to services by publication; not only because there is no analogy between them—the one being complete by one act of reading the summons to the defendant, the other requiring publication for three successive weeks, and mailing a copy to the defendant—but also because the time of taking default upon service by publication is regulated by the attachment act in Sec. 23, saying, " no default  *  *  *  shall be taken  *  *  *  until the expiration of ten days after the last publication."

Now it is true that the notice published under Sec. 22, does, in any case in which the last publication is after the term to which the writ is returnable has commenced, by

the last publication call the defendant to appear upon a day that has passed; but as to effects which may be reached by attachment in this State, the owner is subject to the laws of this State, and must know—be conclusively presumed to know—what those laws are; and when the published notice tells him, as in this case, that he must appear on the second day of December, he is thereby informed that if he comes on the twenty-fourth he will be in time.   In like manner, when a defendant is served with summons to appear upon a certain Monday within less than ten days, he is thereby informed that, in this county, it is another Monday, four or five weeks off, to which he is called.

There is probably this inconsistency: that if a defendant in an attachment suit is personally served less than ten days before the return day, he is not in default at that term by not appearing; while if he is served by publication of which the last is in the middle of the term, he may be in default before that term ends.   The whole letter of the statute seems to be complied with in entering the judgment in this case, and the principles upon which Mechanic's, etc., v. Given, 82 Ill. 157, and Lawyer v. Langhaus, 85 Ill. 138, went, are conclusive.

The judgment is affirmed.