JAMES A. KIRK *et al. v.* THE ELMER H. DEARTH AGENCY

and

THE NEW YORK MORNING JOURNAL ASS'N *v.* SAME.

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. ATTACHMENT—*court must have jurisdiction of attachment defendant to render judgment against garnishee.* In attachment the court must have jurisdiction to render judgment against the attachment defendant, in order to pronounce judgment against the garnishee, as the judgment against the former is the basis for a judgment against the latter.

2. SAME—*garnishee may question jurisdiction of court to enter judgment against attachment defendant.* A garnishee may, on appeal, inquire into the validity of the antecedent proceedings by which the court acquired jurisdiction to pronounce judgment against the attachment defendant, but he cannot complain of mere irregularities which concern only the attachment defendant.

3. SAME—*Practice act does not control practice in attachment cases.* The requirements of the Practice act do not control the practice in attachment cases in matters wherein the Attachment act has made different provisions.

4. SAME—*suit need not be begun nor defendant served ten days before return term.* An attachment suit need not be begun nor the defendant be served with process ten days before the term at which the writ is returnable, in order to entitle the plaintiff to a judgment at the return term.

5. SAME—*publication of notice in attachment may be completed after beginning of return term.* Where the first notice in attachment is published before the first day of the term to which the writ is returnable, the service by publication may be completed after the beginning of the return term.

6. SAME—*when court may render judgment by default at return term.* Where an attachment writ is issued and the first notice to the non-resident defendant published before the first day of the return term, the declaration may be filed after the beginning of the return term; and if there is no appearance, judgment by default may be rendered ten days after the third notice is published.

*Kirk v. The Elmer H. Dearth Agency,* 68 Ill. App. 468, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

Remy & Mann, for appellants James A. Kirk *et al.:*

The attachment suit not having been begun ten days before the first day of the December term, the court was without jurisdiction to do anything at such term except to continue the case until the next term. There is no express provision in the Attachment act as to when or to what term a writ of attachment shall be returnable. *Hecht* v. *Feldman,* 153 Ill. 396.

The declaration in attachment cases must be filed ten days before the first day of the term, as required by section 8 of the Practice act then in force, and found on page 414 of the Revised Statutes of 1845. *Craft* v. *Turney,* 25 Ill. 324; *White* v. *Hogue,* 18 id. 150; *Collins* v. *Tuttle,* 24 id. 623; *Stoddard* v. *Miller,* 29 id. 292.

Newman, Northrup & Levinson, and William E. O'Neill, for appellants the New York Morning Journal Association *et al.:*

Appellee's judgment was void because the Superior Court never obtained jurisdiction over the defendant, either by personal service or by due publication, as required by statute. Appellee does not base the validity of its judgment on personal service, but relies upon an alleged service by publication. The service by publication is fatally defective for two reasons: (*a*) the publication notice commanded the defendant to appear at a premature term and at a time impossible for the defendant to appear; (*b*) the notice mailed by the clerk required the defendant to appear at a time seven days prior to the mailing of the notice.

Judgment on defective service by publication is absolutely void, and subject to attack collaterally. *Haywood* v. *Collins,* 60 Ill. 328.

The requirement that notice shall be published and a copy thereof mailed to the residence of the defendant, is that he may be informed of the pendency of the suit, so

as to appear and defend the same if he sees fit.  *Parker* v. *Sheller*, 60 Ill. App. 621.

A void judgment may be attacked collaterally or vacated at a subsequent term. 1 Black on Judgments, secs. 306, 307.

TENNEY, McCONNELL & COFFEEN, for appellee:

Judgment may be recovered, under the Attachment act, although the suit is brought less than ten days before the return term.

Practice in attachment cases cannot conform to the practice under the general Practice act, in cases where the requirements of the Attachment act are different from those in the other act, either in terms or spirit.  *Field* v. *Shoop*, 6 Ill. App. 445; *Lawver* v. *Langhans*, 85 Ill. 138.

An attachment writ may be made returnable to a term beginning less than ten days from the date of the writ. *Mechanics' Savings Inst.* v. *Givens*, 82 Ill. 157.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

On Saturday, November 30, 1895, Michael Doran commenced an attachment suit in the Superior Court of Cook county against the Elmer H. Dearth Agency, a corporation, to recover the sum of $17,708.22.   The attachment writ was made returnable to the December term, A. D. 1895, of said court, which began on Monday, December 2, 1895, and was served upon the appellants, composing the firm of James A. Kirk & Co., as garnishees, on the day of its issue.   No personal service was had upon the defendant, the Elmer Dearth Agency.   Notice was at once given by publication, the first publication being on November 30, 1895, the second on December 7, 1895, and the third on December 14, 1895.   On December 9, 1895, a copy of said notice was mailed by the clerk of the court to the defendant.   On December 10, 1895, Doran, plaintiff in the attachment suit, filed his declaration in assumpsit.   On

171—14

December 26, 1895, judgment by default for $17,708.22 in favor of Doran was taken against the Elmer H. Dearth Agency, it having failed to appear.

On January 6, 1896, the appellants as garnishees filed their answer admitting an indebtedness of $7434.53 to the agency, the attachment defendant, less costs and attorneys' fees, and setting up the service upon them as garnishees of attachment writs in thirty-one other cases commenced to the January term, 1896. There was a traverse of the answer of appellants by Doran. On June 5, 1896, a trial of the issue presented by said answer and traverse was had before the court without a jury. At the outset of the trial appellants objected to a hearing upon the alleged ground that there was no valid judgment against the attachment debtor, claiming that the judgment by default rendered against the agency on December 26, 1895, was void. Ruling upon the objection was reserved, and subsequently the court found, that the sum of $8375.42 was due from the appellants, as garnishees, to the agency, the attachment debtor. On July 11, 1896, motions for new trial and in arrest of judgment were overruled, and judgment for $8375.42 and costs of suit was rendered against appellants, as garnishees, in favor of the Elmer H. Dearth Agency, for the use of Michael Doran, and such other attaching creditors as were entitled to *pro rata* shares therein. The judgment thus rendered against the garnishees was taken by appeal to the Appellate Court and there affirmed. The present appeal by them is prosecuted from such judgment of affirmance.

The New York Morning Journal Association and other creditors commenced attachment suits in the same court against said agency in December, 1895, and issued writs of attachment returnable to the January term, 1896. A default was entered against the agency in favor of said association on January 14, 1896, and judgments were entered in favor of two other creditors, who are appellants herein, on the 8th and 10th days of January, 1896, respec-

tively. These creditors caused the same garnishees to be served in their attachment suits, who were served in Doran's suit, and filed petitions in the latter suit, making the record and files therein parts of their petitions.

The petitions so filed alleged that the judgment entered in favor of Doran against the agency on December 26, 1895, was null and void for want of jurisdiction in the court to render it, and that the service, alleged to have been made by publication and mailing of notice, was void. The petitions prayed, that said judgment in favor of Doran be vacated and set aside, and that an order be entered declaring the petitioners to be entitled to share *pro rata* in the fund brought into court by garnishment.

Michael Doran filed general demurrers to the petition of the New York Journal Association and others. The court sustained the demurrers to the petitions, and dismissed the same, and denied the prayers for relief, finding that Doran was entitled to the funds attached and garnished, and rendering judgment against the garnishees. To this action of the court the petitioners severally excepted, and prayed appeals to the Appellate Court, which has affirmed the judgment of the Superior Court. From such judgment of affirmance petitioners prosecute their further appeal to this court.

The appeal prosecuted by the garnishees, James A. Kirk & Co., and the appeal prosecuted by the petitioners, the New York Journal Association and others, have, by stipulation and order of court, been heard together in this court, and have been taken as one case. The same question is presented in both proceedings. That question is, whether or not the judgment for $17,708.22, entered on December 26, 1895, in favor of Michael Doran and against the Elmer H. Dearth Agency, was null and void for want of jurisdiction in the court which rendered it. There can be no doubt as to the right of the appellants, who were garnishees below, to raise the question of the validity of the judgment against the attachment debtor, whether

such right exists in favor of the creditors filing petitions as aforesaid, or not. In an attachment suit the court can not pronounce a judgment against a party summoned as a garnishee, unless it had jurisdiction to render judgment against the defendant in the attachment. If the judgment rendered against such defendant is unauthorized and void, there is no basis for the support of a judgment against the garnishee. The latter would not be protected in paying such a void judgment, as he might be compelled to pay it a second time. Hence, he must be permitted to inquire into the validity of the antecedent proceedings, and, if they are void, the judgment against himself may, upon that ground, be reversed. He cannot, however, complain of mere irregularities. These affect the attachment defendant only, and can be called in question by him in a direct proceeding. (*Dennison* v. *Taylor,* 142 Ill. 45; *Empire Car Roofing Co.* v. *Macey,* 115 id. 390; *Pierce* v. *Carleton,* 12 id. 358).

If the judgment by default, rendered in favor of Doran against the attachment debtor on December 26, 1895, was valid, and the court which rendered it, had jurisdiction to render it, then there must be an affirmance, not only of the judgment rendered below against the garnishees, but also of the orders of the court dismissing the petitions of the petitioning creditors.

Counsel for appellants contend, that judgment cannot be rendered in an attachment suit at the return term, unless the suit was begun more than ten days prior to the first day of that term; and that, as Doran's suit was begun on Saturday, November 30, and the writ was made returnable to the December term, which began on December 2, the next Monday following said Saturday, his suit was not begun ten days before the first day of the return term; and that, therefore, the court had no jurisdiction at the December term to take any step, except a continuance of the case until the next term, that is, the January term.

In *Mechanics' Savings Institution* v. *Givens*, 82 Ill. 157, the facts showed that the Mechanics' Savings Institution sued out a writ of attachment against the defendant, James Givens, on the sixth day of February, 1875, returnable to the next term of the circuit court of Jefferson county held on the eighth day of the same month, so that the writ of attachment was issued only two days before the term of court to which it was made returnable. In that case, it was said to be a matter of doubt whether the first section of the Practice act had any reference to, or was intended to regulate the practice in attachment cases, but it was held that, even if the first section of the Practice act was intended to regulate the practice in attachment, as well as other civil cases, still the writ was properly made returnable to the next term of court, inasmuch as, under the first section of the Practice act, the "plaintiff may in any case have summons made returnable at any term of court which may be held within three months after the date thereof." It was held in the *Givens case*, that "the attachment writ was properly made returnable to the next term of the court, in which the action was commenced, notwithstanding less than ten days intervened."

The theory of counsel for appellants seems to be that, inasmuch as, under the provisions of the Practice act, judgment cannot be recovered against a defendant by default unless the suit is brought ten days before the return term, therefore judgment cannot be recovered under the Attachment act unless the suit is brought ten days before the return term. It must be remembered, however, that section 26 of the Attachment act provides that "the practice and pleadings in attachment suits, except as otherwise provided in this act, shall conform as nearly as may be to the practice and pleadings in other suits at law." It therefore follows, that practice in attachment cases cannot conform to practice under the Practice act in cases where the requirements of the

Attachment act are different from those in the other act. (*Lawver* v. *Langhans*, 85 Ill. 138; *Field* v. *Shoop*, 6 Ill. App. 445). It is true that, under the Practice act, judgment by default cannot be rendered at the return term, if the suit was begun less than ten days before the first day of that term. This follows from two requirements of the Practice act, namely: first, that the declaration must be filed ten days before the return term, and second, that the summons must be served ten days before the return term, if the defendant is to be forced to plead at that term. Section 17 of the Practice act provides, that, "if the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought, * * * ten days before the court at which the summons or *capias* is made returnable, the court on motion of the defendant shall continue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs unless the parties shall agree to have a trial; and if no declaration shall be filed ten days before the second term of court, the defendant shall be entitled to a judgment as in case of a non-suit." There is no such requirement in the Attachment act in regard to the filing of the declaration as is thus embodied in section 17 of the Practice act. On the contrary, there is an entirely different provision in the Attachment act in regard to the filing of the declaration. Section 25 of the Attachment act provides that, "the declaration shall be filed on the return of the attachment, or at the term of court when the same is made returnable. If the declaration is not so filed, the defendant may, in the discretion of the court, have the suit dismissed." In *Lawver* v. *Langhans, supra,* we held that, under this section, "the plaintiff had the right to file declaration on the first day of the term, or upon any succeeding day as he might elect." The facts show that, in

the *Lawver case,* default was entered against the defendant on the day on which the declaration was filed.

It is also true, under the provisions of the Practice act, that service on the defendant must be made ten days before the first day of the return term, in order to justify the recovery of the judgment at that term. Section 7 of the Practice act provides that, "if it shall not be in the power of the sheriff or coroner to serve a summons or *capias* ten days before the return day thereof he may execute the same at any time before or on the return day; but if not served ten days before the return day thereof, the defendants shall be entitled to a continuance, and shall not be compelled to plead before the next succeeding term." The Attachment act provides for two modes of service: one by personal service of the writ of attachment, and the other by publication. We are not here concerned with the question of personal service, as the service in this case was made by publication. There is no provision in the Practice act for service upon a defendant by publication, but the latter mode of service is provided for in the Attachment act, and must therefore be regulated exclusively by the latter act, and not by the former. The doubt expressed in the *Givens case, supra,* appears to have been solved in the *Lawver case, supra,* because in the latter case it was said (p. 141): "The Practice act in regard to service of process and filing of declarations in actions at law was not intended to embrace an action of attachment." Section 22 of the Attachment act provides that, where the defendant is a non-resident of the State, the clerk of the court shall give notice by publication at least once in each week for three weeks successively in a newspaper most convenient to the place where the court is held. Section 23 of the Attachment act is as follows: "No default or proceeding shall be taken against any defendant not served with summons, unless he shall appear, until the expiration of ten days after

the last publication as aforesaid." In construing this statute we said in the *Lawver case, supra* (on p. 141): "The statute does not require that the three publications shall be made before the court convenes, or that the first publication shall be made a certain number of days before the term commenced, as did the old statute. We perceive nothing to prevent a part of the publications being made before the term begins and a part afterwards; and at any time upon the expiration of ten days after the last publication if the court is in session, the plaintiff would be entitled to a default." Thus the question involved in this case would seem to be settled by the ruling of this court, as laid down in the two cases of *Mechanics' Savings Institution* v. *Givens, supra,* and *Lawver* v. *Langhans, supra.*

· Counsel however seek to distinguish the *Lawver case* from the case at bar upon the ground that, in the *Lawver case,* ten days did in fact intervene between the date of the attachment writ and the return day. But, notwithstanding this fact, the decision in that case clearly holds that, to warrant judgment at the return term of an attachment suit, the situation of the case is not required to be such, as would warrant the entry of judgment in an ordinary suit commenced under the Practice act. If the Attachment act is to be so construed as to require the defendant to be served ten days before the term at which he is defaulted, then, where the service is by publication only, the publication for the required time must be complete before the return day. But the *Lawver case* settles the question, that the last two publications may be made during the term at which judgment is taken.

Counsel for appellants further urge, as a reason why the notice in this case must be regarded as defective, that it requires the defendant to do an impossible thing. The notice mailed to the defendant by the clerk on December 9, required it to appear at a term of court beginning on December 2, and hence it is said that the notice required the defendant to appear at a day which had already

passed before it received the notice. It must be admitted that this is true. But the notice, which was published on November 30, required the defendant to appear at a term which began thereafter, to-wit: on December 2; and the statute requires, that the notice to be mailed by the clerk within ten days after the first publication thereof shall be a copy of the published notice. Both the notice published and the notice mailed must be of the same character. It was held in the *Lawver case*, that a part of the publications might be made after the beginning of the return term. This being so, the same inconsistency, of which counsel speak, would exist in the case of such publications made after the beginning of the return term, as exists in the case of the notice mailed by the clerk. The notice published after the beginning of the return term requires the defendant to appear on the first day of a term already passed; and, if it is valid, then the notice which is mailed by the clerk, being of the same character, is equally valid. In case of service by publication, the notice is designed to inform the defendant of the contents of the writ. He is presumed to know the provisions of the statute. When he receives a notice by mail requiring him to appear on a day which has passed, he knows that the date thus named in the notice is the return day of the writ, and that, although the return day has passed, it is not yet too late for him to appear, because the statute provides that, after all the notices have been mailed and published, ten days must elapse before a default can be taken against him.

Our conclusion is, that the Elmer Dearth Agency, the defendant in the attachment suit, was properly served by publication, and that the appellee, Doran, had a right to take the judgment which was entered up by him on December 26, 1895. That judgment was a valid judgment, and was not void for want of jurisdiction in the Superior Court to render it. It follows, that the Superior Court was correct in entering up judgment against the appel-

lants who are garnishees, and in dismissing the petitions of the appellants who are petitioning creditors.

Accordingly, the judgment of the Appellate Court, in affirming the judgment and orders entered by the Superior Court, must be affirmed.                *Judgment affirmed.*