City of Chicago, Appellant, v. Bowman Dairy Company, Appellee. The Northern Trust Company, Appellee.

Gen. No. 39,456.

Opinion filed November 10, 1937.

BARNET HODES, Corporation Counsel, for appellant; DAVID LEFKOVITS, ALEXANDER J. RESA and ADAM E. PATTERSON, Assistant Corporation Counsel, of counsel.

MONTGOMERY, HART, PRITCHARD & HERRIOTT and MILLER, BENGEL & LAVERY, both of Chicago, for appellees; LOUIS E. HART, L. EDWARD HART, JR. and PAUL LAVERY, all of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal by the city of Chicago from a judgment for defendant entered at a hearing on a garnishment proceeding which was founded upon an alleged judgment for $25,600, which it was claimed was entered

on August 8, 1934, against the defendant Bowman Dairy Company.

The abstract of record shows that on August 8, 1934, a judgment was rendered in favor of plaintiff and against the defendant for the sum of $200 and costs amounting to $10; that following this judgment upon the "half sheet" appears the notation: "Fine Two Hundred and costs for 122 days from April 6th, to August 6th, 1934 for a total amount of $25,600."

The abstract by its terms shows that thereafter on December 4, 1936, a judgment for $24,400 was rendered, this being subsequent to the date of the entry of the judgment order of Judge Padden dismissing the garnishee, such judgment having been rendered on November 25, 1936; that in the same action a judgment for $200 and costs against the defendant Bowman Dairy Company was entered on August 8, 1934, an undated notation appearing at the conclusion of the judgment order for $200, wherein mention of the sum of $25,600 is made and also an alleged judgment entered on December 4, 1936, for $24,400 and $10 costs of suit, all in the same suit; that the purported judgment for $24,400 and the notation as to a fine of $25,600 were entered without the vacation of any previous judgment in this cause.

The abstract in terms further shows that on October 7, 1936, the judgment for the fine of $200 and costs in this cause was satisfied of record; that an execution upon the judgment of $200 and costs issued out of the municipal court, which execution is dated September 8, 1934 and was returned on December 7, 1934; that an "execution" issued December 11, 1934, for an alleged judgment of $25,600, returned on March 12, 1935; that the record does not show the issuance of any execution upon the judgment for $24,400, rendered December 4, 1936.

The abstract in this case further shows that subsequent to the judgment order entered by Judge Padden on November 25, 1936, discharging garnishee, the city of Chicago filed a motion to "correct the record" in this cause and Judge Holland assumed to enter a judgment on December 4, 1936, in favor of the city of Chicago and against the defendant Bowman Dairy Company, for the sum of $24,400, presumably, although the order does not so state, in lieu of the notation: "Fine Two Hundred and costs for 122 days from April 6th to August 6th, 1934, for a total amount of $25,600."

The abstract in this case is not complete and we do not find the substance of any affidavit upon which the garnishment writ could be issued.

Sec. 1 of ch. 62 on Garnishment, Ill. State Bar Stats. 1935, ¶ 1; Jones Ill. Stats. Ann. 109.284, provides that prior to the issuing of a writ an affidavit must be filed.

As was said in the case of *First Nat. Bank v. Hahnemann Institutions,* 356 Ill. 366: "Garnishment is an ancillary proceeding in the nature of process to obtain satisfaction of a judgment rendered in the principal action or proceeding, and, being a statutory proceeding, a party seeking its benefits must comply strictly with the requirements of the statute, and jurisdiction is not acquired in the absence of any of the required conditions."

The rules of this court provide that a complete abstract be filed in each case. In the instant case, as we have already stated, the abstract is not complete. The Supreme Court in the case of *Kuhn v. Kunz,* 353 Ill. 205, at page 206, said: "It has been so many times held as to require no citation of cases, that this court will affirm a judgment where the plaintiff in error or appellant does not file an abstract sufficient to present the issues involved. This court will not go into the record to supply deficiencies in the necessary features of the abstract.

"For want of a sufficient abstract the judgment of the circuit court is affirmed."

So far as we can glean from the incomplete abstract filed in this cause a judgment was raised from $200 and costs to $25,600 and then reduced to $24,400, these changes having been made long after the court had lost jurisdiction and such action had no legal basis and was not in harmony with correct legal procedure. The bank accounts of the defendant in six different banks were garnisheed, which was not in compliance with the law which provides that real estate be levied upon first.

Therefore, for the reasons set forth in this opinion the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.