(No. 22014.—

THE FIRST NATIONAL BANK OF PALATINE, Defendant in
Error, *vs.* THE HAHNEMANN INSTITUTIONS OF CHI-
CAGO, INC.—(THE CENTRAL REPUBLIC BANK AND
TRUST COMPANY, Plaintiff in Error.)

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

367

FISHER, BOYDEN, BELL, BOYD & MARSHALL, (EARL K. SCHIEK, of counsel,) for plaintiff in error.

MILLER, GORHAM, WALES & ADAMS, and WILLIAM ANNAN TAYLOR, (FREDERIC O. MASON, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The municipal court of Chicago rendered a judgment by confession, on August 11, 1930, for $2391.08 and costs in favor of the First National Bank of Palatine and against the Hahnemann Institutions of Chicago, Inc. On August 25, 1930, leave was granted to the defendant to appear and defend, the judgment to stand as security, and the execution theretofore issued was stayed until the further order of the court. An affidavit of merits was interposed, the cause was tried without a jury, and on November 21, 1930, the judgment by confession was confirmed. The execution was returned unsatisfied and thereafter, on December 8, 1930, garnishment proceedings were instituted against the Central Trust Company of Illinois. The garnishee answered that at the time of the service of the garnishee summons it held $2443.75 in its possession belonging to the Hahnemann Institutions of Chicago, Inc. The judgment entered on November 21, 1930, was vacated on December 15, 1930, and the cause was re-instated. The court, as the result of the second trial, on January 13, 1931, found the issues against the First National Bank of Palatine and vacated the judgment of August 11, 1930. The Central Trust Company of Illinois thereafter moved to be discharged as garnishee, but on February 3, 1931, its motion was overruled. The First National Bank of Palatine prosecuted an appeal from the judgment of January 13, 1931. The Appellate Court for the First District, on December 2, 1931, reversed that judgment and, without remanding the cause, rendered judgment for $2550.39 and costs, in favor of the appellant and against the Hahnemann Institutions of Chicago, Inc. A certified copy of the Appellate Court's judgment was filed in the office of the clerk of the municipal court and an alias execution was issued. The Central Republic Bank and Trust Company, successor by consolidation to the Central Trust Com-

pany of Illinois, was summoned as garnishee, and answered that it was indebted to the Hahnemann Institutions of Chicago, Inc. in the sum of $80.67. This bank made two motions, the first to quash the second garnishment writ, and the second to quash the first writ, and, in each instance, to be discharged as garnishee. The first motion was granted, the second denied, and judgment was rendered against the Central Republic Bank and Trust Company, the garnishee, for $2443.75. The garnishee prosecuted an appeal to the Appellate Court for the First District and that court affirmed the judgment. A writ of *certiorari* was granted by this court and the record is submitted for a further review.

The contention of the plaintiff in error, the Central Republic Bank and Trust Company, is that since the municipal court of Chicago rendered the judgment in the principal suit against the plaintiff, the First National Bank of Palatine, on January 13, 1931, there has been no valid and subsisting judgment upon which the garnishment proceeding can be based.

Garnishment is an ancillary proceeding in the nature of process to obtain satisfaction of a judgment rendered in the principal action or proceeding. (*Dennison* v. *Taylor,* 142 Ill. 45; *Bear* v. *Hays,* 36 id. 280; *Chanute* v. *Martin,* 25 id. 63). It is a statutory proceeding and a party seeking its benefits must comply strictly with the requirements of the statute. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 694; *Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241; *Siegel, Cooper & Co.* v. *Schueck,* 167 id. 522; *Illinois Central Railroad Co.* v. *Weaver,* 54 id. 319; *Michigan Central Railroad Co.* v. *Keohane,* 31 id. 144). Section 1 of the Garnishment act provides that whenever a judgment shall be rendered by a court of record and an execution against the defendant in such judgment shall be returned "no property found," then, upon the filing with the clerk of the court, of the affidavit of

the plaintiff or other credible person setting forth the requisite facts, it shall be lawful for the clerk to issue a summons against the person supposed to be indebted to, or to have any of the effects or estate of, the defendant. (Cahill's Stat. 1933, p. 1509; Smith's Stat. 1933, p. 1555). The existence of a valid judgment against the principal defendant is therefore a jurisdictional prerequisite in a proceeding under the Garnishment act. Jurisdiction can not be acquired in the absence of any one of the required conditions. (*LaSalle Opera House Co.* v. *LaSalle Amusement Co.* 289 Ill. 194; *Chanute* v. *Martin, supra*). Payment by the garnishee of a void judgment would not effect a reduction of liability to the principal debtor. (*Kirk* v. *Dearth Agency,* 171 Ill. 207; *Dennison* v. *Taylor, supra; Pierce* v. *Carleton,* 12 Ill. 358). Since a subsisting judgment is essential not only as a foundation for a judgment in the garnishment proceeding, but also for the protection of the garnishee, it follows necessarily that the latter has the right to interpose the defense of the court's want of jurisdiction to proceed. *LaSalle Opera House Co.* v. *LaSalle Amusement Co. supra; Kirk* v. *Dearth Agency, supra; Dennison* v. *Taylor, supra.*

Upon opening a judgment by confession to permit a defense to be pleaded, the court may order the judgment to stand as security pending the determination of the controversy on its merits. (3 Freeman on Judgments, (5th ed.) sec. 1343; *Pearce* v. *Miller,* 201 Ill. 188; *Blake* v. *State Bank of Freeport,* 178 id. 182; *Farwell* v. *Huston,* 151 id. 239; *Stein* v. *Good,* 115 id. 93; *Page* v. *Wallace,* 87 id. 84; *Condon* v. *Besse,* 86 id. 159; *Norton* v. *Allen,* 69 id. 306). This practice was followed, for the order of August 25, 1930, recited that the judgment of August 11, 1930, should stand as security until the further order of the court. Upon the entry of such an order, the judgment exists only for that purpose. An order of that character permits the interposition of a defense while it saves to

the plaintiff the rights he acquired by the judgment in the event the defense proves unavailing. (*Wenham* v. *International Packing Co.* 213 Ill. 397). After the second trial on the merits and the rendition of the judgment of January 13, 1931, there was no longer any subsisting judgment in favor of the plaintiff in the original suit and nothing remained to be secured. The municipal court had jurisdiction of the subject matter and of the parties at each of the two trials. The judgment of January 13, 1931, even though it may have been erroneous, was valid and subsisting until reversed or set aside in a direct proceeding for that purpose. (*Finlen* v. *Skelly,* 310 Ill. 170; *Miller* v. *Rowan,* 251 id. 344; *Figge* v. *Rowlen,* 185 id. 234). A fundamental jurisdictional requirement of the auxiliary proceeding was removed when the court vacated the judgment of August 11, 1930. The jurisdiction of the court over the particular action was invoked to obtain satisfaction of that judgment. Manifestly, when the judgment rendered in the original suit ceased to exist the proceeding instituted to obtain its satisfaction was, in effect, terminated.

Section 110 of the Practice act empowers the Appellate Court, in all cases of appeal, to give final judgment and to issue execution. (Cahill's Stat. 1931, p. 2186; Smith's Stat. 1931, p. 2215). The Appellate Court exercised this power when it reversed the judgment of the municipal court in the principal action and rendered judgment in favor of the defendant in error and directed that execution issue. (*Manistee Lumber Co.* v. *Union Nat. Bank,* 143 Ill. 490). The defendant in error insists, however, that the effect of the reversal of the judgment of January 13, 1931, was to affirm the judgment of August 11, 1930. It argues that, upon the filing with the clerk of the municipal court of a certified copy of the appellate tribunal's order, the municipal court could proceed as though the judgment in favor of the Hahnemann Institutions of Chicago, Inc. had not been entered and no appeal had been taken therefrom. To support this argument the defend-

ant in error has recourse to section 112 of the Practice act. The section invoked relates solely to cases where the appeal is dismissed or the judgment is affirmed. (Cahill's Stat. 1931, p. 2186; Smith's Stat. 1931, p. 2216). Upon filing a certified copy of the order of dismissal or affirmance with the clerk of the trial court, execution may issue and other proceedings may be had on the judgment, the same as if no appeal had been prosecuted. (*City of Chicago* v. *Lord,* 281 Ill. 414; *People* v. *Wadlow,* 166 id. 119; *Smith* v. *Stevens,* 133 id. 183). The reversal of the judgment against the defendant in error and the rendition of a judgment in its favor for $2550.39 do not constitute an affirmance of a prior judgment for a lesser sum within the contemplation of section 112 of the Practice act.

The re-instatement of a cause in the court from which the appeal is taken is unauthorized where the reviewing court itself enters judgment and directs execution to issue thereon. The judgment of the Appellate Court rendered on December 2, 1931, precluded the re-instatement of the cause in the municipal court. (*Watkins* v. *Dunbar,* 318 Ill. 174). The filing of a certified copy of that judgment with the clerk of the municipal court was a futile act. The record in the trial court remained unchanged and it disclosed a final disposition of the litigation adverse to the defendant in error.

The language of section 1 of the Garnishment act with respect to the attributes of jurisdiction is plain and unambiguous, and must be given effect by the courts. The statute makes no provision for the retention or the revesting of jurisdiction of a garnishment proceeding after the judgment in aid of which it was instituted no longer exists. Courts have no legislative powers and may not incorporate in a statute provisions not within the intention of the General Assembly as expressed in the statute itself. *Levinson* v. *Home Bank and Trust Co.* 337 Ill. 241; *Sup* v. *Cervenka,* 331 id. 459; *Downs* v. *Curry,* 296 id. 277.

The motion to quash the garnishment writ and to discharge the plaintiff in error as garnishee should have been sustained. Accordingly, the judgments of the Appellate Court and the municipal court of Chicago are reversed and the cause is remanded to the municipal court with directions to quash the garnishment writ issued on December 8, 1930, and to discharge the plaintiff in error as garnishee.

*Reversed and remanded, with directions.*