Eli B. Ring, Receiver, Appellant, v. Charles E. Palmer et al., Appellees.

Opinion filed March 1, 1941.

JOHN C. RITTER, of Olney, for appellant.

MILLS, UMFLEET & MILLS, of Fairfield, for certain appellee.

DONOVAN D. McCARTY, of Olney, for certain other appellee.

MR. JUSTICE DADY delivered the opinion of the court.
On September 8, 1931, a judgment was entered in the circuit court for the use of creditors of the Bank

of Noble and against Charles E. Palmer for the sum of $8,433.33. No proceedings were had to revive such judgment.

On March 9, 1932, an execution was issued on such judgment, which execution was on June 8, 1932, returned by the sheriff "no property found." On April 15, 1938, an alias execution was issued which was returned unsatisfied by the sheriff on May 25, 1938.

On September 2, 1938, plaintiff appellant, as receiver of such bank, filed in the circuit court his affidavit for garnishment based on such judgment and on said executions so returned, which affidavit was in the usual form and stated that Owensboro Corporation was indebted to Palmer and prayed that said corporation be summoned as garnishee. So far as the record shows, Owensboro Corporation was never served with summons.

On April 22, 1939, plaintiff filed his amended affidavit stating that "since the filing of the plaintiff's affidavit herein the Owensboro Corporation, garnishee, has changed its corporate name and is now the Sohio Corporation, and has succeeded to the possession and ownership of all the property and effects formerly owned and held by the Owensboro Corporation." The affidavit prayed that Sohio Corporation be summoned as garnishee. Sohio Corporation, as garnishee, was served with summons on April 26, 1939.

On September 28, 1938, Fairfield National Bank obtained a judgment by confession in said circuit court against said Palmer in the sum of $805.62. On June 9, 1939, execution was issued on such judgment and placed in the hands of the sheriff, which execution was returned by the sheriff on June 9, 1939, endorsed "no property found."

On June 29, 1939, by agreement of parties and by leave of court, Fairfield National Bank filed in this garnishment proceeding its answer and counterclaim. By such answer and counterclaim Fairfield National

Bank denied that plaintiff in the garnishment proceeding was entitled to the relief sought for the reason that Fairfield National Bank was the owner of a prior lien and entitled to preference under its said judgment, and asked that the lien of Fairfield National Bank be declared a lien superior to the lien of plaintiff, and that Sohio Corporation, as garnishee, be ordered to pay Fairfield National Bank all sums due Palmer from such garnishee.

On August 17, 1939, Sohio Corporation filed its answer stating that it had $779.19 in its custody belonging to Palmer.

On final hearing in the garnishment proceeding the circuit court found the lien of the judgment of Fairfield National Bank superior to the claim of plaintiff and entered judgment for all of the moneys in the hands of the garnishee, in favor of Palmer and against the garnishee for the use of Fairfield National Bank. Plaintiff is the only one that complains of such judgment.

Plaintiff first contends that the judgment of Fairfield National Bank was not entered by the court but by the clerk of the court. We find no basis for this contention. The record shows that such judgment was duly entered in term time by the court and not by the clerk of the court.

The only other question presented is whether plaintiff is entitled to recover under a garnishment proceeding commenced within 7 years from the date of the rendition of his judgment, where during the pendency of such proceeding and before service of the writ, his judgment, upon which such proceeding is based, becomes dormant by the expiration of 7 years from the time the same became a lien so that no execution could issue thereon.

Plaintiff's rights in the garnishment suit must be predicated upon the original judgment obtained by plaintiff against Palmer. In *First Nat. Bank of Pala-*

*tine v. Hahnemann Institutions of Chicago, Inc.,* 356 Ill. 366, the court said "The existence of a valid judgment against the principal defendant is therefore a jurisdictional prerequisite in a proceeding under the Garnishment Act." It follows that a valid judgment within the meaning of the garnishment statute is a judgment upon which an execution can issue for the satisfaction thereof against the principal debtor. Manifestly it does not mean a dormant judgment which has ceased to be a lien by lapse of time and which will not support an execution for its enforcement until it is revived. In *Pierce v. Wade,* 19 Ill. App. 185, an attempt was made to garnishee on a judgment which was 10 years old and had not been revived. The court held such a judgment would not support a garnishment proceeding and in so holding said "If the judgment could not have been enforced in its then condition against the defendant therein by execution, it should not be used for the purpose of taking from him a demand against the garnishee, by a proceeding to which he is not a party, and of which he has no notice. Such proceedings are in the nature of an execution and enable the creditor to reach a species of property not usually subject to levy on the ordinary process of execution."

When the plaintiff made no effort to revive his judgment as permitted by section 25, chapter 83 of our statutes, he took the risk that his garnishment proceeding would be left without an enforcible judgment to support it after September 8, 1938. The mere commencement of the garnishment proceeding within the 7-year period did not toll the running of the statute which made the principal judgment against Palmer dormant after the lapse of 7 years. The statute on garnishment makes no provision for the retention or the revesting of jurisdiction of a garnishment proceeding after the judgment in aid of which it was instituted can no longer support such proceeding. (*First*

*Nat. Bank of Palatine v. Hahnemann Institutions of Chicago, Inc., supra.*)

The statute of 1845 contained a provision similar to our present statute as to a judgment being a lien for 7 years but did not (as does our present statute) contain a provision that real estate levied upon within such 7 years might be sold at any time within 1 year after the expiration of such 7 years. In *Tenney v. Hemenway,* 53 Ill. 97, the court held that, in the absence of such a provision, a pending levy of an execution issued on a judgment, which levy was made during the existence of the lien, did not operate to continue the lien of the judgment beyond the statutory period of 7 years. In that case the court said, in substance, that the lien of a judgment on real estate became effective only in the mode prescribed by statute; that the statute did not in terms or by implication give the same force to the levy on land under an execution, to create a lien, that arises from the rendition of a judgment; that the statute has said the latter shall create the lien but has not said the levy may; that it would be absurd to suppose the law designed to give the execution more vitality than the judgment on which it was issued; that the levy of the execution did not prolong the lien of the judgment beyond the period limited by the statute, and that if the levy operated as a lien it expired with the lien of the judgment. (See also *James v. Wortham,* 88 Ill. 69; *Weis v. Tiernan,* 91 Ill. 27.)

Garnishment is also a statutory proceeding. It is ancillary in nature and is designed for the purpose of aiding the collection of a judgment rendered in the principal action. Both an execution and the proceedings in garnishment derive their support from the main judgment. Under the decisions, if the main judgment fails, the rights acquired under the garnishment cease. It is not the province of the court to legislate. We must merely interpret the statute as it now exists. There is no provision in the statute that the commence-

ment of a garnishment proceeding during the 7-year period shall operate to continue the life of such garnishment proceeding after the judgment on which it is based has become dormant by limitation.

The same question was presented in the case of *Grace v. Pierce,* 127 Miss. 831, 90 So. 590, where recovery was denied. The court said: "The judgments rendered in 1911 were long since barred by the Statute of Limitation, and the issuance of writs of garnishment before the bar of the statute attached did not serve to extend or keep alive the lien of these judgments. . . . A valid judgment is essential to the validity of a garnishment proceeding, and when a judgment upon which a writ of garnishment is founded is extinguished by the bar of the statute, the garnishment proceedings likewise fail. No effort was made to revive the judgments upon which these garnishment proceedings were based, the garnishments had been allowed to lie dormant until the foundation upon which they rested had been swept away, and thereafter appellees had no valid claim to the funds in controversy."

In the view that we have taken of the case, the trial court properly held that Fairfield National Bank and not the plaintiff was entitled to the funds in the hands of the garnishee. The judgment is accordingly affirmed.

*Affirmed.*