William V. Schnur, Appellant, v. Florence Bernstein et al., Appellees.

Gen. No. 40,673.

Opinion filed March 11, 1941.  Rehearing denied March 27, 1941.

VIRGIL LIVINGSTON and CAMERON LATTER, both of Chicago, for appellant.

MAX M. & SAMUEL GROSSMAN and ODE L. RANKIN, both of Chicago, for appellee.

Ode L. Rankin, of counsel.

Mr. Justice John J. Sullivan delivered the opinion of the court.

Personal service having been had on them, a deficiency judgment for $4,197.65 was entered by default against Alvin and Florence Bernstein, who were joined with others as defendants in a foreclosure proceeding instituted by plaintiff, William V. Schnur. Execution issued against the Bernsteins pursuant to said personal judgment entered against them for the deficiency and same was returned by the sheriff "no part satisfied" on April 21, 1936. On December 20, 1938, plaintiff filed his affidavit for garnishment charging that the First National Bank in Joilet had in its hands money belonging to defendant Alvin Bernstein. The answer of the garnishee bank to plaintiff's interrogatories and additional interrogatories stated that as of the date of the service of the summons in garnishment it had $5,182.39 on deposit with it in an account credited to "American Credit Discount Co., 189 W. Madison street, Chicago," subject to the check of either Alvin Bernstein or Eunice Smolek. Plaintiff traversed this answer, averring that Bernstein was the real owner of the funds on deposit, that "American Credit Discount Co." was a trade name used by Bernstein to conceal his assets from his creditors and that Eunice Smolek had no real interest in the fund. Eunice Smolek filed an intervening petition, claiming that the only person other than herself who had any interest in the fund was one Borns, who is not a party to this cause, and that Bernstein had no interest in the bank deposit but was permitted to sign checks thereon as a matter of convenience. Her petition prayed for an adjudication to this effect and for the discharge of the garnishee. Plaintiff filed an answer to the intervening petition reiterating that Eunice Smolek was

merely an employee of Bernstein and that the arrangement between Bernstein and Eunice Smolek with reference to the bank account in the hands of the garnishee was a device to defraud Bernstein's creditors.

In addition to her intervening petition Eunice Smolek, on January 26, 1939, filed the following motion to dismiss the garnishment proceeding: "Now comes Eunice Smolek, intervening petitioner herein, and, by leave of court first had and obtained, files this her Motion to Dismiss the garnishment proceeding filed herein and to discharge the garnishee, and, in support of said motion, alleges that the judgment which forms the basis of said garnishment proceeding is void for the reason that the court entering said judgment against the defendants Alvin Bernstein and Florence Bernstein was without jurisdiction to enter the same; that said lack of power and jurisdiction to enter said judgment against the defendants named appears from the records in said cause.

"Intervening petitioner further shows that the proceeding in which said judgment was entered, as appears from the complaint on file herein, is one solely in foreclosure; that it appears from said complaint that Alvin Bernstein and Florence Bernstein were merely guarantors of the note secured by the trust deed sought to be foreclosed; that the liability of the said Alvin and Florence Bernstein is in assumpsit in a suit at law; that the proceeding involved, in which said judgment was rendered, was a chancery proceeding; that the prayer of said complaint is for foreclosure of the trust deed and for a deficiency judgment against the makers of the note; that said defendants, Alvin and Florence Bernstein, are not the makers of the note, and that therefore no deficiency judgment could have been rendered against them in said chancery proceeding.

"Intervening petitioner further shows that there are no allegations in the complaint as to the defendants

Alvin and Florence Bernstein upon which a deficiency judgment could be entered against them, and that there is no prayer for any relief as against the defendants Alvin and Florence Bernstein.

"Intervening petitioner further shows that it appears from the pleadings on file in this cause that the court had no power to enter any judgment against the defendants Alvin and Florence Bernstein, and that said court was entirely without power and without jurisdiction to enter said judgment.

"WHEREFORE, THIS INTERVENING PETITIONER PRAYS that the garnishment proceeding filed herein on said judgment be dismissed and that the garnishee herein be discharged."

After a hearing on said motion to dismiss the court entered an order, the pertinent portions of which are as follows:

"That the court was without jurisdiction to enter a deficiency judgment against the guarantors of the notes secured by the trust deed foreclosed in this proceeding.

"That said deficiency judgment heretofore entered in this cause on the 2nd day of April, A. D. 1936, against Alvin Bernstein, and Florence Bernstein, his wife, is void.

". . .

"It is further ordered that the garnishment proceeding heretofore instituted by William V. Schnur, plaintiff against the First National Bank in Joliet, garnishee, be and the same is hereby dismissed and said garnishee discharged."

This appeal is from the foregoing order.

The mortgage notes and the trust deed securing same were executed by the Foreman Trust & Savings Bank, trustee, and provided that there should be no personal liability on the part of the mortgagors. The notes recite that they are *"payable only out of the property specifically described* in said Trust Deed securing the payment hereof, by the enforcement of the

provisions contained in said Trust Deed. *No personal liability* shall be asserted or be *enforcible against the promisor or any person interested beneficially or otherwise in said property.* . . . The sole remedy of the holder hereof . . . shall be by foreclosure of the said Trust Deed . . . *in accordance with* the terms and provisions in *said Trust* Deed set forth." (Italics ours.)

The following indorsement appeared on the reverse side of each of the notes:

"For value received we hereby guarantee the payment of this note and all expenses of collecting the same, including attorneys' fees, and waive protest and notice of nonpayment and diligence in collecting the same, and consent that security may be taken or the time of payment be extended without impairing this guarantee.

"(Signed) Florence Bernstein
(Signed) Alvin Bernstein."

In plaintiff's complaint to foreclose filed January 14, 1936, the substance of the trust deed was alleged, the notes were described, the guaranty was set out as part of the description of the notes and a copy of one of the notes was attached to the complaint as an exhibit. The complaint averred that plaintiff claimed a valid and subsisting first lien upon the property for the amount due under the trust deed and the notes. There were no allegations in the complaint charging the Bernsteins with liability upon their guaranty for a personal judgment upon any deficiency that might exist. The only allegation against them in the complaint was that "Florence Bernstein and Alvin Bernstein . . . have or claim to have some right, title, interest or lien to or upon said real estate . . . but that the right, title, interest or lien, if any . . . is subject, subordinate, junior and inferior to the rights and interest of plaintiffs."

The prayer of the complaint was for an accounting of the amount due plaintiff and that defendants or some of them be required to pay the amount found due; that in default of such payment the land be sold and defendants foreclosed of all title or interest in said land; and that plaintiff have a deficiency judgment against "such of the defendants as may be found personally liable to pay the same and . . . for such other and further relief in the premises as equity shall require."

Plaintiff's theory as stated in his brief is that "since the Circuit Court of Cook County acquired jurisdiction of the person of the defendant, Bernstein, in the proceeding to foreclose the mortgage, in the course of which the deficiency decree was entered against him, *in personam*, and since the Circuit Court had jurisdiction of the subject matter of that cause, in the sense that it had the power to hear and determine that class of causes and to enter that judgment; and since Bernstein did not, if he felt the judgment to be erroneous, seek its reversal or modification by way of appeal, it cannot, in this proceeding, be attacked, though it might be grossly erroneous or irregular."

The intervening petitioner states her theory as follows: "The jurisdiction of equity to render a deficiency decree or judgment in a mortgage foreclosure is not a general equity power but a statutory power; and the jurisdiction of the Court to award a deficiency judgment in a foreclosure case is limited to the obligation which the mortgage or trust deed is given to secure; that such statutory jurisdiction does not extend to the rendition of deficiency money decrees upon collateral obligations, and any judgment rendered in excess of such power is void, and may be attacked collaterally, and challenged anywhere for want of jurisdiction and power to render it."

The principal question presented is whether the circuit court sitting in chancery had jurisdiction in the

foreclosure proceeding to render a deficiency judgment based upon a written guaranty of payment appearing on the back of the mortgage notes where the obligation in the guaranty was not secured by the trust deed.

The garnishee and others interested in the fund sought to be reached by garnishment have the right to inquire into the validity of the antecedent judgment upon which the garnishment is based. However, unless such judgment is void for lack of power of the court to enter it, it may not be attacked collaterally in the garnishment proceeding.

The court had jurisdiction of the person of Bernstein in the foreclosure proceeding. But did it have jurisdiction of the subject matter so that it was empowered to enter the personal judgment against him for the deficiency shown to be due after the sale of the mortgaged premises? Plaintiff insists that the court which entered the deficiency judgment against Bernstein had power to hear and determine the subject matter in controversy between the parties to the suit and that therefore it had jurisdiction to enter said judgment. Considering the question of jurisdiction of the subject matter in *Miller v. Rowan,* 251 Ill. 344, the court said at p. 348:

"Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack. If there is a

total want of jurisdiction in a court its proceedings are an absolute nullity and confer no right and afford no protection but will be pronounced void when collaterally drawn in question. *Buckmaster v. Carlin,* 3 Scam. 104; *Swiggart v. Harber,* 4 id. 364; *People v. Seelye,* 146 Ill. 189; *Clark v. People,* 146 id. 348; *O'Brien v. People,* 216 id. 354; *People v. Talmadge,* 194 id. 67.''

The subject matter in controversy here is not the foreclosure of the mortgage but rather the entry of the deficiency judgment against Bernstein on his guaranty. There is a clear and marked distinction between the power of a court of equity to decree mortage foreclosures and its power to enter personal deficiency judgments. Jurisdiction of equity over mortgage foreclosures is general and one of its constitutional powers. (*First Nat. Bank of Chicago v. Bryn Mawr Beach Bldg. Corp.,* 365 Ill. 409), but it exercises its power to render deficiency judgments by virtue of a statute extending its jurisdiction (sec. 17, ch. 95, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 83.17]).

In this State, as a general rule, the holder of a mortgage cannot join a third party claimed to be liable for the debt with the mortgagor in an action of foreclosure for the purpose of obtaining a judgment for a deficiency against him.

The case of *Walsh v. Van Horn,* 22 Ill. App. 170, holds squarely that a judgment for a deficiency in a foreclosure proceeding against the guarantor of a mortgage note is invalid. There it appears that in 1882 Van Horn filed a bill to foreclose a mortage making William Galligher, his wife, Bridget, and Walsh parties defendant; that he also asked for a personal decree against Galligher and Walsh and that for any balance unpaid after the sale of the premises he have execution against both; that in Walsh's answer he denied the right of Van Horn to have a personal decree against him for any such balance; that on March 18,

1875, Galligher had executed his promissory note for $560, due in 5 years and payable to Walsh; that Galligher and his wife to secure its payment had given a mortgage upon the premises; that in April, 1875, Walsh had sold and assigned the note and mortgage to Van Horn; and that it was a matter of dispute between the parties whether in the transaction Walsh had assumed the liability of a guarantor, or only that of an indorser. On the hearing of the case a decree of foreclosure was entered. Upon the coming in of the master's report of sale, the court found that there was a deficiency of $589.06, and entered a personal decree therefor against both Galligher and Walsh, and awarded execution against them. In reversing that decree as to Walsh, the court said at pp. 172, 173:

"It is only by virtue of an express provision of statute, or where there are facts giving equitable jurisdiction over the demand, that a third person liable for the mortgage debt can be joined as a party defendant in a foreclosure suit, and a judgment be recovered against him for a deficiency. In the absence of such statute and of circumstances giving jurisdiction to the court of chancery, there is a misjoinder of causes of action. 2 Jones on Mortgages, sections 1710 and 1711, and authorities there cited.

"In this case there are no circumstances of equitable jurisdiction. Whether the responsibility of appellant for the payment of the note was that of an indorser or that of a guarantor, it was a purely legal liability and enforcible in a court of law. It does not change the case even if his contract was an original undertaking and one upon which he could be sued in the first instance and without reference to the maker. It would simply be a promise distinct from those embodied either in the note as originally given or in the mortgage, but one containing no element that would make it cognizable in the chancery court. . . . The cases cited by appellee, wherein the vendee of the mortgagor

agreed to pay the mortgage debt, are not parallel with and have but slight resemblance to the case under consideration, for in those cases the chancery jurisdiction arose from the fact that the legal obligation of the vendee to the mortgagor inured in equity to the benefit of the mortgagee, and no circumstances exist in this litigation that call for or permit the application of that equitable principle.

"The only statutory provision that is claimed to justify the decree against appellant is Sec. 16 of Chap. 95 of the Revised Statutes. That section, as we understand it, does not in terms or by implication give the right to join in the foreclosure suit, third persons who are legally liable for the payment of the mortgage debt, for the purpose of obtaining a decree against them for the residue of the debt remaining unpaid after all the mortgaged property had been exhausted."

We agree with the reasoning and conclusion in the *Walsh* case and think it decisive of the present cause. We are impelled to hold that the trial court under its general equity powers had no jurisdiction in the foreclosure proceeding to enter the deficiency judgment against Bernstein on his guaranty and that the statute conferred no jurisdiction to enter such judgment. The court having no jurisdiction of the subject matter, its personal judgment against Bernstein is void and subject to collateral attack.

While we have considered the other points urged, in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated herein the order of the circuit court holding the deficiency judgment against Bernstein void, dismissing the garnishment proceeding and discharging the garnishee is affirmed.

*Order affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.