Western United Dairy Company, an Illinois Corporation, Appellant, v. Ben Miller and Paul Spector, Appellees.
Western United Dairy Company, an Illinois Corporation, Plaintiff-Appellant, v. Ben Miller and Paul Spector, Defendants-Appellees. South Shore National Bank, Garnishee-Defendant-Appellee.
Paul Spector, et al., Appellees, v. South Shore National Bank of Chicago, Garnishee-Defendant-Appellee. Western United Dairy Company, a Corporation, Intervening Petitioner-Appellant.

Gen. Nos. 48,455, 48,456, 48,502.

First District, First Division.

March 27, 1963.

Irving Goodman, of Chicago, for appellant, Western United Dairy Company.

Marvin Patrick Cohen, of Chicago, for defendants and pro se.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Three appeals, all taken by Western United Dairy Company, have been consolidated in this case. Western had obtained a judgment against defendants in the Municipal Court of Chicago, and the first appeal is from an order satisfying that judgment on defendants' petition in the nature of a writ of audita querela. The second appeal is from an order of the same court dismissing garnishment proceedings which had been instituted for the collection of the judgment. The third appeal is by Western as intervening petitioner in a Superior Court garnishment proceeding.

A different creditor had obtained a judgment in that court against the same defendants, and sought to satisfy it from the same funds which were the subject of the garnishment proceedings in the Municipal Court. The Superior Court directed the funds to be paid to the Superior Court judgment creditor. The garnishee bank has not taken part in any of the appeals.

We consider the time element to be significant, so the consolidated facts will be set forth in chronological order. We refer to the Municipal Court unless otherwise indicated.

May 12, 1960: Judgment by confession entered in favor of Western and against defendants for $17,322.-82 on a note and conditional sales agreement.

August 3, 1960: Garnishment summons served.

August 12, 1960: Answer of garnishee filed showing funds due defendants in the amount of $2,583.53.

October 17, 1960: Appearance and jury demand filed by defendants (with leave of court) together with a petition in the nature of a writ of audita querela alleging that subsequent to the entry of judgment the property, subject of the sales agreement between the parties, had been turned over to plaintiff; that plaintiff thereupon elected to retain the property and, under the terms of the agreement, accept previous payments as liquidated damages; and that the judgment was thereby satisfied in full. Hearing on the petition was set for October 25, 1960, and, on that date, continued to November 15, 1960.

November 15, 1960: At an ex parte hearing on defendants' petition jury was waived, and an order entered satisfying the judgment of May 12, 1960.

November 21, 1960: (Superior) Judgment by confession entered in favor of Marvin P. Cohen and against defendants for $2,700 on a note dated October 10, 1960. Cohen is the attorney for defendants.

November 22, 1960: (Superior) Garnishment summons served.

406

December 2, 1960: (Superior) Answer of garnishee filed showing no funds due defendants.

December 12, 1960: Order entered denying a motion of Western to vacate the order of November 15, 1960.

December 20, 1960: On motion of defendants, based on satisfaction of the judgment, an order was entered dismissing the garnishment proceedings.

December 28, 1960: Petition filed by Western to vacate the orders of November 15 and December 12, 1960.

January 19, 1961: Order entered denying Western's petition to vacate.

January 20, 1961: Appeal bond ($2,500), re garnishment dismissal, approved and filed.

January 25, 1961: Appeal bond ($250), re denial of petition to vacate, approved and filed.

February 2, 1961: Western filed notice of appeal from the orders of January 19, 1961, December 12, 1960 and November 15, 1960 (Appeal Number 48455). Western also filed notice of appeal from the garnishment dismissal order of December 20, 1960 (Appeal Number 48456).

February 8, 1961: (Superior) After hearing, order entered on garnishee to file amended answer.

February 17, 1961: (Superior) Amended answer of garnishee filed, stating that prior to service of Superior Court garnishment summons it had been served with garnishment summons in the Municipal Court and had answered that it held funds due to defendants; that the issues involved in the Municipal Court litigation had not been fully resolved; that the funds were, therefore, still subject to the prior jurisdiction of the Municipal Court.

February 24, 1961: (Superior) Reply filed by Cohen to the amended answer of garnishee stating that the Municipal Court garnishment proceedings had

407

been dismissed on December 20, 1960, and that the pending appeal did not operate as a supersedeas.

March 8, 1961: (Superior) Intervening petition of Western filed, by leave of court, stating that the Municipal Court appeal did operate as a supersedeas, and that those proceedings, therefore, had priority over the Superior Court garnishment. Answer filed by Cohen denying the allegations of the intervening petition.

March 27, 1961: (Superior) After a hearing devoted to a study of the Municipal Court record and to arguments of counsel, an order was entered finding that the Municipal Court appeal did not operate as a supersedeas, and that, therefore, the funds in the hands of the garnishee were subject to the jurisdiction of the Superior Court. Western's intervening petition was denied, and judgment was entered for $2,583.53 against garnishee and in favor of defendants for the use of Cohen.

March 28, 1961: (Superior) Western filed notice of appeal from the judgment order of March 27, 1961 (Appeal Number 48502).

March 30, 1961: (Superior) Appeal bond ($2,600) approved and filed.

■ ■ We shall consider first the appeal from the Municipal Court orders of January 19, 1961, December 12, 1960 and November 15, 1960. It was by the latter order that Western's judgment was satisfied, and the other two orders were denials of Western's motion and petition to vacate. In seeking to set aside the satisfaction, the actions taken by Western were timely, in our opinion, so the question presented then reduces itself to the sufficiency of the petition of December 28, 1960 as a basis for vacating the ex parte order of November 15, 1960.

That petition, which was verified, alleged that: a young and newly-employed attorney, associated with the attorneys for Western, intended to represent West-

408

ern at the scheduled hearing of defendants' petition to satisfy the judgment, and to ask the court for a continuance of said hearing; he had gone to the proper courtroom at the proper time on the morning of November 15, 1960; he was there told by the clerk, however, that the court file was missing and that no order of continuance could be entered until it was found; the judge told him the same thing and suggested he return later in the day; he did return several times later that day, each time being informed by the judge or the clerk that the file had not been located; finally, late in the afternoon he was told by the clerk that a draft order had inadvertently been entered granting the prayer of defendants' petition and satisfying the judgment, on the premise that Western had failed to appear at the time set for the hearing that morning.

The petition to vacate alleged further that Western had a meritorious defense to defendants' petition to satisfy the judgment because, after giving defendants all credits to which they were entitled as a result of the repossession and resale of the merchandise covered by the conditional sales agreement, a substantial portion of the judgment would still remain unsatisfied.

Defendants filed no answer to Western's petition to vacate. On January 19, 1961 this petition came before a judge who was not the same one who had entered the original order of November 15, 1960. After hearing, the petition was denied, apparently (in part, at least) under the mistaken impression that to have allowed the petition would have constituted sitting improperly in review of the order of a fellow-judge of the same court.

We consider that the petition to vacate was sufficient, under all the circumstances, and should have been allowed. (Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350; Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101; Widucus v. Southwestern Elec. Coopera-

409

tive, Inc., 26 Ill App2d 102, 167 NE2d 799; Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 172 NE2d 512.)

Application of the principle of Westmoreland v. West, 19 Ill App2d 161, 153 NE2d 275, would have produced the same result inasmuch as defendants did not advise Western of the waiver of their jury demand.

The Municipal Court orders of January 19, 1961, December 12, 1960, and November 15, 1960 (Appeal Number 48455) are reversed and the cause is remanded for a hearing on defendants' petition in the nature of a writ of audita querela, with Western's petition of December 28, 1960 to stand as answer thereto.

■ In urging upon us the conclusion which we have just reached, Western argues that reversal of the order of November 15, 1960 would have the effect of reinstating its judgment as of November 15, 1960; would thus restore an effective judgment in support of the Municipal Court garnishment proceedings; would, therefore, require reversal of the dismissal of those proceedings; and thus, in consequence, would have restored to the Municipal Court's garnishment proceedings precedence over those in the Superior Court; and, as a result, the garnishment judgment in the Superior Court would also have to be reversed.

■ In Genden v. Bailen, 275 Ill App 382, 386, this court reaffirmed the generally recognized rule that "where the original judgment upon which a garnishment proceeding is founded is vacated, the garnishment proceeding falls with it (citing numerous earlier decisions)." We are aware of no reason why this rule should not apply as well to a satisfied as to a vacated judgment. Support for such a conclusion is also to be found, by analogy, in Ring v. Palmer, 309 Ill App 333, 32 NE2d 956, where the later of two garnishment creditors was awarded the funds because, during the pendency of the garnishment proceedings, the earlier judgment became dormant.

410

Applying this rule to the instant case immediately points up the fact that on December 20, 1960, when the Municipal Court garnishment proceedings were dismissed, the judgment upon which those proceedings were founded had been fully satisfied by the order of November 15, 1960. The motion to vacate had been denied on December 12 and the petition to vacate (of December 28) had not yet been filed. Nothing was pending except garnishment on a satisfied judgment. The court seemingly had no alternative but to dismiss the proceedings.

Western's answer to this apparent weakness in its position is that supersedeas became effective in all three appeals, thereby preserving all questions for future determination either by the decisions in these appeals or by the trial court in proceedings consistent therewith. Our view of supersedeas is quite different.

■ Examining the appeals separately, we find that there is supersedeas in regard to the Superior Court judgment; and there is no supersedeas in regard to the Municipal Court garnishment dismissal because both notice of appeal and bond were filed too late (Civil Practice Act, Section 82). As to the other appeal, in the liberal view we have taken of Western's successive efforts to vacate the order of November 15, 1960, the notice and bond would appear to have been filed in due time, and the appeal would, therefore, appear to have operated as a supersedeas. We need not decide this last point, however, because the effect of supersedeas is such that whether there were or were not supersedeas in regard to the order of November 15, 1960 would make no difference in our decision of the other two appeals.

■ ■ Western contends that the nature of supersedeas as it relates to the order of November 15, 1960 was to have the retroactive effect of preserving the status quo existing prior to the entry of that order. By this theory, the judgment would have remained

411

in full force and effect pending the appeal, and the order satisfying the judgment would have been held in abeyance. Such a concept incorrectly attributes to supersedeas the function of an injunction and fails to recognize the essential characteristic of supersedeas; namely, that it does not set aside or annul the order appealed from, even for the time being, but only operates to stay or suspend its enforcement, while leaving its validity and effect unimpaired. It is for that reason that self-executing orders or judgments are completely unaffected by supersedeas. And both Municipal Court orders—one satisfying a judgment, and the other dismissing garnishment proceedings—are, by their very nature, self-executing.

The outstanding treatment of this subject is found in Gumberts v. East Oak Street Hotel Co., 404 Ill 386, 88 NE2d 883. That case concerned the rights of the parties during the pendency of an appeal in the earlier case of Stein v. East Oak Street Hotel Co., 335 Ill App 570, 82 NE2d 79. The earlier complaint had sought to compel defendants to accept plaintiff's bid for certain property. The complaint had been dismissed for want of equity, and the plaintiff took an appeal which operated as a supersedeas. While the case was pending on appeal, defendants sold the property to someone else, and that act was made the basis of the complaint in the later suit, it being alleged that the supersedeas had prohibited such a sale till after disposition of the appeal.

In affirming a decree dismissing the later complaint, the Supreme Court said at pages 389–391:

> The operation and effect of a supersedeas are generally well understood. Its object and purpose are to suspend the efficacy of a judgment or decree. The supersedeas operates against the enforcement of the judgment and not against the judgment itself. Its purpose is accomplished by

412

staying all future proceedings on the judgment. Thus, the supersedeas restrains the appellee from taking affirmative action to enforce his judgment and constitutes notice to strangers to the action that all proceedings on the judgment are stayed until the appeal is disposed of by the court of review. (First Nat. Bank v. Road District No. 8, 389 Ill 156; People ex rel. Finn v. David, 328 Ill 230.) Proceedings in violation of a supersedeas may be vacated or set aside, attempted violations may be restrained and any action in defiance of the force and effect of a supersedeas is punishable as a contempt of court. (4 CJS, Appeal and Error, secs 675–6.) On the other hand, a supersedeas operating only against the enforcement of a judgment and not against the judgment itself, the rule is that a self-executing judgment is not affected by a supersedeas. (Citing cases.)

Applying the foregoing principles to the present case, it is apparent that the decree in the Stein case dismissing the complaint for the want of equity was self-executing, except in so far as the cause was dismissed at plaintiff's costs. The supersedeas, when it became effective, operated only against the enforcement of the decree and not against the decree itself. The decree itself dismissed the complaint and thus required no enforcement. There were no further proceedings to be stayed by the supersedeas and no process was necessary except, possibly, an execution against Stein and the other plaintiffs for the costs of the action. . . . The only purpose performed by the supersedeas was to stay the enforcement of so much of the decree as allowed the defendant corporation and its officers their costs in the trial court.

Being self-executing, the decree in the Stein case was unaffected by the supersedeas and the

defendant corporation and its officers and directors retained their authority to sell the hotel property. Since the amended complaint relies exclusively on the erroneous conclusion of law that the supersedeas prevented the officers and directors from proceeding with a sale, the amended complaint does not state a cause of action.

See also Fairfield Savings & Loan Ass'n v. Central Nat. Bank, 19 Ill App2d 465, 469, 154 NE2d 333; and the consistent principles set forth in First Nat. Bank of Palatine v. Hahnemann Institutions of Chicago, Inc., 356 Ill 366, 190 NE 707, and Tinkoff v. Wharton, 344 Ill App 40, 99 NE2d 915.

In the case at bar, the original judgment remained satisfied pending appeal, so the garnishment proceedings based upon it were properly dismissed. The Municipal Court order of December 20, 1960 (Appeal Number 48456) is, therefore, affirmed.

■ ■ The Municipal Court garnishment proceedings remained dismissed pending appeal, so those funds were subject to garnishment in the Superior Court. In that court, however, decision was reached only on the basis of the Municipal Court record and arguments of counsel, and Western was not given a full hearing on all the issues raised by its intervening petition. Western's intervening petition and Cohen's answer thereto presented a mixed question of fact and law which could be determined only by the taking of testimony.

The issue was raised by allegations to the effect that while Cohen was representing defendants in the Municipal Court action, he had, by ex parte hearing, obtained satisfaction of the judgment against them, and on the very next day he had filed a confession suit against his own clients. This suit was brought on a note given to Cohen after Western had obtained its judgment in the litigation (which is still pending

in this court and in which Cohen still represents defendants), and while the Municipal Court garnishment proceedings were pending. Further, it was alleged that the Superior Court confession suit and garnishment proceedings were instituted by Cohen as a means of circumventing Western's rights in the pending litigation. This latter allegation was denied by Cohen.

A determination of this issue in favor of Western could involve a possible finding of fraud upon the court as well as upon Western, and could affect the court's order to turn over the funds to Cohen. If the Superior Court were to deny Cohen the garnished funds (and, of course, we make no indication one way or the other as to what the outcome of this issue should be), Western would have had an opportunity to reassert its claim thereto, through garnishment proceedings, or otherwise. In making this statement, we should also point out that we make no suggestion as to whether or not Western should succeed in preserving its Municipal Court judgment in whole or in part.

The Superior Court order of March 27, 1961 (Appeal Number 48502) is reversed and remanded with directions to proceed in accordance with the views expressed in this opinion.

Affirmed in part, reversed in part with directions.

BURMAN, P. J. and MURPHY, J., concur.