**Peter Cerone, d/b/a Cerone Construction Company, Third-Party Plaintiff-Appellant, v. William Clark, Jr., Third-Party Defendant-Appellee, and Uptown National Bank of Chicago, Garnishee Defendant-Appellee.**

**Gen. No. 52,915.**

First District, First Division.

May 19, 1969.

Myron Glazer, of Chicago, for appellant.

Eklund and Eklund, of Chicago, for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an appeal from an order of the trial court dismissing several garnishment actions. The third party plaintiff, Peter Cerone, obtained judgments against William Clark, Jr., for merchandise rendered and work performed on Clark's residence at 4827 North Paulina Street, Chicago, Illinois. To enforce these judgments, Cerone, as judgment creditor, garnished the bank ac-

count of the judgment debtor, Clark, held by the garnishee Uptown National Bank of Chicago. The garnishee bank answered that it held sufficient funds to satisfy the judgments, but that an adverse party, Dorothy Clark, the judgment debtors' wife, had an interest in such account. Accordingly, Cerone served notice upon the adverse claimant to appear in the garnishment proceedings, and she did appear by counsel on September 20, 1967. The attorney for Clark and his wife made an oral statement to the court that the underlying judgments against Clark had been paid and satisfied in certain chancery proceedings for the foreclosure of a mechanic's lien.

Presented to the court was a Satisfaction Piece, dated May 31, 1967, from case No. 66 CH 1435 of the Circuit Court of Cook County, County Department, Chancery-Divorce Division, wherein Peter Cerone, d/b/a Cerone Construction Company was plaintiff, and William Clark, Jr., Dorothy L. Clark, et al., were defendants, which document stated that a judgment was entered in favor of Cerone and against the Clarks on April 14, 1967, in the amount of $2,700 and costs, which judgment was paid and satisfied. Counsel explained to the court that the Release and Satisfaction was from a mechanic's lien foreclosure that had been tried recently, and all issues in the case had been disposed of, including any monies that may have been due from Clark to Cerone for materials and supplies. Counsel stated that the two cases now before the court upon which garnishments were being sought were suits wherein material suppliers had sued Cerone, who then sued Clark on a third party action for the same materials and supplies, and were part and parcel of the chancery judgment which had been satisfied. Counsel further stated that Cerone was attempting to collect twice for the same amounts and that he instituted the garnishment proceedings for the purpose of harass-

ment. Counsel demanded that the two garnishment proceedings be dismissed.

In response thereto, Cerone informed the court that he was ready to proceed on the issues before the court, namely, whether or not Dorothy Clark had any interest in the garnished accounts. It was Cerone's position that the only question before the court was the interest of Dorothy Clark in the bank accounts which had been garnished. He stated further that he received no Notice of Motion or copies of any pleadings to the effect that payment would be the defense to the garnishments and was taken by surprise. Cerone also stated that the bank accounts had been garnished one or two months ago, that defendant's argument comes too late, that he has waived such defense by reason of his delay in filing any motion, affidavit or petition, and that the adverse claim should be denied and judgment entered against the garnishee.

The court told Clark that he would give him an opportunity to present his arguments in proper form, whereupon all matters were continued to September 25, 1967, without further notice. Cerone protested that Clark had ample opportunity to bring before the court by notice and verified petition his verbal representations, and by his delay had waived such defenses, if any; that the hearing judge of the mechanic's lien foreclosure case had already denied Clark relief as to the instant judgments; that the assignment judge was not able to help him; that he was shopping for a judge, and that he (Cerone) was continually faced with Clarks' last minute oral requests for delay. The court nevertheless continued the case to September 25, 1967, to give Clark the opportunity to appear before the court with the necessary documents. On September 25, 1967, the cases were continued to October 16, 1967.

When the cases were called on October 16, 1967, a different judge heard the cases and counsel for the Clarks

303

again urged dismissal of the cases upon the basis of the satisfaction pieces he had in his possession, stating that payment was an absolute defense to the garnishment actions. Cerone took the position that since he had received no notice from defendant Clark, he (Cerone) assumed the defense based upon payment had been waived. Orders were entered at the conclusion of the hearing discharging the garnishee bank and dismissing the cases.

Three issues are raised in this appeal. First, whether the defense of payment can support dismissal of the garnishment actions without a written motion, petition or affidavit setting forth such defense; second, by not filing pleadings concerning the defense of payment whether the judgment debtor and adverse claimant waived such defense; and third, whether the trial court correctly dismissed the garnishment proceedings on the oral representation that the underlying judgment was indirectly paid.

██ ██ Garnishment is a purely statutory proceeding to reach assets of a judgment debtor held by a third party. Such a proceeding was unknown to the common law, and accordingly, must be strictly construed. Powell v. Prudence Mutual Casualty Co., 88 Ill App2d 343, 232 NE2d 155 (1968); LaSalle Opera House Co. v. LaSalle Amusement Co., 289 Ill 194, 124 NE 454 (1920); Ill Rev Stats (1967) c 62, § 33. In every garnishment action a question exists as to the judgment upon which the proceeding is predicated, and the court, garnishee or principal debtor may cause an inquiry into the underlying action. Chiaro v. Lemberis, 28 Ill App2d 164, 171 NE2d 81 (1961); O'Toole v. Helio Products, Inc., 17 Ill App2d 82, 149 NE2d 795 (1958). In the instant case, the judgment debtor orally brought to the attention of the court the fact that the underlying judgment had been satisfied through other proceedings. The judgment creditor, Cerone, never denied this allegation or offered any evidence in opposition to the defense of payment, but in-

sisted the issue of satisfaction was not before the court, and that by not filing a written pleading concerning the defense of payment, such defense was waived.

■ In Genden v. Bailen, 275 Ill App 382 (1935), it was held that where the underlying judgment has been vacated, the garnishment action is without foundation. In Western United Dairy Co. v. Miller, 40 Ill App2d 403, 189 NE2d 786 (1963), the holding of the Genden case was extended to those situations where the underlying judgment was satisfied. The court reasoned as follows:

> "In Genden v. Bailen, . . . this court reaffirmed the generally recognized rule that 'where the original judgment upon which a garnishment proceeding is founded is vacated, the garnishment proceeding falls with it (citing numerous earlier decisions).' We are aware of no reason why this rule should not apply as well to a satisfied as to a vacated judgment. Support for such a conclusion is also to be found, by analogy, in Ring v. Palmer, 309 Ill App 333, 32 NE2d 956, . . . . Nothing was pending except garnishment on a satisfied judgment. The court seemingly had no alternative but to dismiss the proceedings."

We are of the opinion that Clark's defense of payment, although oral, was sufficient under the foregoing facts of this case to support the subsequent dismissal of the garnishment actions.

Cerone's contention that Clark's defense was waived due to his failure to file a written pleading is without merit. In Ihorn v. Wallace, 88 Ill App 562 (1900), the party who had commenced garnishment proceedings objected, on appeal, that the purported judgment debtor had not filed any petition or pleading setting forth satisfaction of the judgment. The court said, at page 565:

305

"It is now said that he did not file any petition or pleading setting up his claim. The objections to his claim and to the introduction of evidence in support of it, was not based upon that ground in the trial court and it is too late to raise the question now. In a garnishee proceeding the original defendant may show that since the rendition of the judgment it has been paid or satisfied."

The same question was raised in Wheeler v. Chicago Title & Trust Co., 217 Ill 128, 75 NE 455 (1906), and the court commented as follows:

"No formal pleadings are required in garnishment and it was proper to set up the facts showing that the suit was premature, in the answer of the garnishee."

We also reject Cerone's contention that he was "surprised" when the oral defense of payment was presented. After Cerone was apprised of such defense, on September 20, 1967, there were two continuances of the cases, and on October 16, 1967, twenty-six days later, a hearing on the merits ensued, whereupon Cerone offered nothing in rebuttal of said defense, but stated again he was taken by surprise. Motions to vacate the orders of dismissal were heard on October 27, 1967, at which time Cerone again urged surprise, but to no avail, and the trial court held such defense could be raised without a formal pleading. While section 43(4) of the Civil Practice Act, Ill Rev Stats 1967, c 110, § 43(4) requires affirmative defenses to be specifically set out where the defense, if not clearly set forth ". . . would be likely to take the opposite party by surprise . . .", we do not think Cerone was precluded from meeting the defense presented by the Clarks, nor was the posture of Cerone's case jeopardized, since ample time was afforded him to prepare an answer to such contention.

306

In our judgment, the trial court correctly dismissed the garnishment proceedings, and the orders of the Circuit Court of Cook County should be affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.