SECURITY STATE BANK OF HAMILTON, Plaintiff-Appellant, v. STANLEY B. KIMBALL, Defendant-Appellee.

Fifth District   No. 5—00—0123

Opinion filed March 15, 2001.

William M. McCleery, Jr., of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellant.

Frederick M. Steiger, of Steiger Law Offices, of Edwardsville, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Security State Bank of Hamilton (Bank) appeals from the trial court's orders of December 30, 1999, and February 9, 2000, which quashed its garnishment petition related to a Hancock County circuit court judgment it previously obtained against Stanley B. Kimball. By these orders, the trial court also released the Hancock County circuit court judgment. We reverse and remand.

This case began with an April 24, 1990, extension of a guaranty on a loan made by the Bank to Nauvoo Development, Inc. (Nauvoo), in the accumulated amount of $63,245.69.[1] Stanley B. Kimball pledged certain assets as collateral for this loan on behalf of Nauvoo. He also made a separate personal guaranty of the loan in the amount of $30,000.

On April 24, 1991, the Bank's efforts to secure another extension of the guaranty proved fruitless, and the Bank began gathering and liquidating the assets that Stanley B. Kimball pledged on Nauvoo's behalf. The Bank was successful in recovering $36,204.27 of the loan amount by way of this liquidation.

On March 30, 1992, the Bank filed a complaint in Hancock County circuit court against Nauvoo, Stanley B. Kimball, Violet Kimball, and

---

[1]We accept as accurate this dollar amount referenced by counsel, but we have no idea how it was calculated. The record does not contain a copy of the original complaint filed in the Hancock County circuit court. We mention this because later when we list the facts related to the judgment, the numbers do not add up when starting with the above figure. We assume that the difference in some way relates to interest owed on the debt.

Kay L. Walker, seeking to recover the deficiency. On June 1, 1995, Nauvoo, Kay L. Walker (who had also provided the Bank with a personal guaranty), and Warren Petty reached a settlement agreement with the Bank in the combined total amount of $10,000. The Bank dismissed with prejudice those counts then pending against Nauvoo and Kay L. Walker. Because Warren Petty was not a named defendant in this lawsuit, there was nothing to dismiss, and so the Bank provided him with a general release.

The case proceeded with discovery. Ultimately, the case was tried without a jury. On August 8, 1996, the trial court concluded that Stanley B. Kimball was liable for the remaining balance of $6,740.35 plus interest of $8,062.28, for a total of $14,802.63.[2] Judgment was not formally entered until June 26, 1996.

Stanley B. Kimball appealed this judgment to the Third District Appellate Court. On July 3, 1997, the judgment was affirmed. *Security Bank v. Nauvoo Development, Inc.*, 289 Ill. App. 3d 1148, 713 N.E.2d 837 (1997) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

Thereafter, the Bank sought attorney fees and expenses. The Hancock County circuit court approved this petition on July 2, 1998. An award of $13,311.02 in attorney fees and expenses was added to the previous $14,802.63 judgment, for a new total of $28,113.65.

At about the same time that the Bank filed its petition for attorney fees and expenses in the Hancock County circuit court, the Bank initiated supplemental garnishment proceedings in Madison County circuit court, the county in which Stanley B. Kimball resides and where his assets are located. The Bank filed nonwage garnishments against the Bank of Edwardsville and Southwest Illinois Campus—Southern Illinois University Credit Union (Credit Union). Stanley B. Kimball answered the nonwage garnishments and filed several motions in the Madison County circuit court. He also removed the

---

[2]From the original amount sought by the Bank, the trial court subtracted the $36,204.27 recovered from the liquidation of Stanley B. Kimball's assets pledged on Nauvoo's behalf, the $10,000 settlement, and a $6,000 setoff from Nauvoo's checking account. The resulting amount still owing on the debt was $6,740.35. After interest of $8,062.28 was added, the total judgment was $14,802.63. If we use the dollar figure originally sought by the Bank set forth in the briefs filed in this court, $63,245.69, we arrive at a different figure than the $6,740.35 set forth by the Hancock County circuit court. In both its memorandum to counsel and the order of judgment, the Hancock County circuit court does not make any reference to a specific dollar amount being sought by the Bank. So, while we are unsure as to the calculations, we accept the figures as accurate as both parties utilize them in their arguments in this court.

case to federal court. In July 1998, the federal court remanded the case back to state court, and the Madison County garnishment proceedings continued. The Bank then filed amended garnishment papers, along with a citation to discover assets. Stanley B. Kimball filed more responsive pleadings and also sought an accounting from the Bank.

On August 8, 1998, the trial court entered an order releasing to the Bank $15,000, which was being held by the Bank of Edwardsville pursuant to the nonwage garnishment. The trial court also reserved ruling on the Credit Union nonwage garnishment.

Thereafter, Stanley B. Kimball filed several discovery requests, including a request for any and all documents related to the settlement the Bank made in the Hancock County circuit court case with Nauvoo, Kay L. Walker, and Warren Petty. The Bank objected to this particular request, but the trial court overruled its objection.

On January 29, 1999, the trial court ordered the release of the funds held by the Credit Union ($3,602.46) pursuant to the nonwage garnishment.

On February 26, 1999, the Bank filed a second nonwage garnishment on the Bank of Edwardsville. In answering the garnishment interrogatories, the Bank of Edwardsville indicated that it was holding $5,278 in an account bearing Stanley B. Kimball's name. Stanley B. Kimball then filed motions seeking to quash the garnishment request and to judicially release the Hancock County circuit court judgment and to order the return of previously collected funds. He argued that the Bank's settlement with Nauvoo, Kay L. Walker, and Warren Petty released him from his obligation to the Bank under his personal guaranty.

Several hearings were held on these motions. On December 30, 1999, the Madison County trial court ruled in Stanley B. Kimball's favor and granted all the relief that he sought. The trial court released the Bank's Hancock County circuit court judgment and ordered the Bank to pay back all monies collected to that point in partial satisfaction of the judgment.

The Bank filed a motion for reconsideration, which the trial court denied on February 9, 2000. The Bank appeals.

■ We use the abuse-of-discretion standard to review the issue of whether the trial court appropriately granted Stanley B. Kimball's motion to vacate and release the Hancock County circuit court judgment. See *Meyer v. First American Title Insurance Agency of Mohave, Inc.*, 285 Ill. App. 3d 330, 336, 674 N.E.2d 496, 500 (1996); *Miller v. Balfour*, 303 Ill. App. 3d 209, 215, 707 N.E.2d 759, 764-65 (1999).

■ Garnishment proceedings are collateral in nature and serve to

obtain the satisfaction of an underlying judgment. *Ring v. Palmer*, 309 Ill. App. 333, 337, 32 N.E.2d 956, 958 (1941). In every garnishment proceeding, the judgment upon which the garnishment is based can be examined by the court. *Cerone v. Clark*, 110 Ill. App. 2d 301, 304, 249 N.E.2d 186, 188 (1969). However, that examination is limited to whether the judgment has previously been satisfied or was void in the first place because the original trial court lacked jurisdiction over the matter. *Cerone*, 110 Ill. App. 2d at 305, 249 N.E.2d at 189; *Schnur v. Bernstein*, 309 Ill. App. 90, 96, 32 N.E.2d 675, 678 (1941).

■ No one has questioned the jurisdiction of the Hancock County circuit court in the underlying matter. From an examination of the record, we find no basis to conclude that the Hancock County circuit court lacked jurisdiction over the parties or the subject matter in the underlying suit. Furthermore, there is no argument, and no dispute in the record, that Stanley B. Kimball has not satisfied the underlying judgment against him. Accordingly, the judgment of the Hancock County circuit court should not have been collaterally attacked.

In the Madison County circuit court garnishment proceeding, Stanley B. Kimball raised an affirmative surety defense. This defense was not raised in the Hancock County circuit court or in the Third District of this appellate court. Whether this surety defense would have been successful had it been raised in the underlying matter is not an issue for this court to decide. A surety defense is not one that can be raised for the first time in the ancillary garnishment proceeding.

Accordingly, we conclude that the trial court abused its discretion in vacating the judgment of the Hancock County circuit court and ordering the Bank to refund all monies collected in partial satisfaction of its judgment against Stanley B. Kimball.

The Bank also argues that Stanley B. Kimball is barred by the doctrine of *res judicata* from raising the surety defense in the garnishment proceeding or, alternatively, that he waived the defense because of the terms of his guaranty with the Bank. Because we reach the decision that the underlying judgment could not be collaterally attacked with a surety defense, we do not reach the merits of these other issues.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed; cause remanded.

WELCH and MAAG, JJ., concur.